## LOUISIANA STATE BANK *v.* BARROW et al.

The Civil Code has fixed no special prescription for judgments. Debts existing in that form are barred, if by any prescription, only by that of thirty years.

Heirs who have accepted a succession unconditionally, represent the deceased, and stand in his place both as to his debts and obligations, and a prescription which could not have availed him if alive, cannot protect them. C. C. 867, 939.

Where judgment has been obtained against a party condemning him to pay a certain sum with interest at a certain rate from a particular time, and another sum with interest at a lower rate and from a later period, a payment made after judgment must, in the absence of any imputation by the parties, be imputed to the interest and principal of that portion of the debt bearing the highest interest, it being the oldest and most onerous.

APPEAL from the District Court of West Feliciana, *Johnson,* J.
*Ivor,* for the plaintiffs.

*Patterson,* for the appellants. The defendants in this rule rely on the prescription of ten years. Civil Code, arts. 3442, 3444, 3495. "This prescription has also the effect of releasing the owner of an estate from every species of real rights, to which the property may have been subject, if the person in possession of the right has not exercised it within the time required by law." Art. 3494. 11 La. 59, 259. These cases are decrees rendered on mortgage claims. If this is a real right against the property of the estate, it is prescribed by ten years. 6 La. 31 and 671. This prescription is a perpetual bar to any action to recover. 4 La. 327. C. C. 3422.

If this is a personal action, it is barred by the prescription of ten years. C. C. art. 3508. Good faith not being required on the part of persons pleading prescription, the heirs cannot be compelled to swear whether the debt has been paid or not. Art. 3515. To interrupt this prescription for the whole, it is necessary that they all be served with citation or all acknowledge the debt. Art. 3517.

The judgment of the court was pronounced by

SLIDELL, J. In the year 1829, the plaintiffs recovered judgment against *Bennett Barrow,* and, in the year 1844, a rule was taken in the cause against the appellants, the children and heirs of *Bennett Barrow,* who died in 1833, to show

LOUISIANA STATE BANK *v.* BARROW.

cause why execution should not issue against them, for the balance remaining due upon said judgment. The plaintiffs in their application for the execution alleged that, these heirs were the sole heirs of the deceased, and had accepted the succession of their father purely and simply. A credit was acknowledged of $1,396 48, as paid thereon, about 30th April, 1830. The defendants answered by a plea of prescription.

Our Code has fixed no special prescription for judgments, and, in the absence of any special provision, we are of opinion that debts existing in that form are barred, if by any, only by the prescription of thirty years. But it is contended that this is an action against the heirs, and is subject to the prescription of ten years.

The heir represents the person of the deceased; he is of full right in his place, as well for his rights as his obligations, and no prescription not available to the ancestor, were he alive, can protect the heir. See Civil Code, art. 939; also art. 867, &c.

There is certainly something very extraordinary in this case, when we consider the punctuality and honesty of the ancestor, as shown by the testimony; and also the facts, that no execution appears to have issued on the judgment during his life time, that he was a man of ample means, and that he died leaving an unembarrassed estate. But whatever opinion the mind may form as to the payment of this debt, in the absence of proof of payment and of the lapse of a sufficient time to accomplish prescription, the heirs must be held liable.

The judgment in this case condemns the defendants to pay "$3,864 25, with interest at the rate of ten per cent per annum, on the sum of $1,884, from the third day of March, 1825: and interest at the rate of five per cent per annum on the further sum of $1,957 25, from the 6th March, 1829, subject to a credit of $1,396 48, made 8th April, 1830." This form of judgment is sufficiently certain, because it can be rendered so by calculation; the form, however, is liable to the objection that it may lead to mistake in its execution. To prevent any future misunderstanding or difficulty in the execution of this judgment, we think proper to say, that the imputation of the credit of $1,396 48 should be made to the interest and principal of the $1,884; the balance thus produced to bear a like interest from the date of the payment. This imputation must be made, because that portion of the indebtedness was the oldest and the most onerous.

*Judgment affirmed.*