WIDOW BETAT et al. *v.* E. E. MOUGIN.

Legal presumption is that which is attached, by a special law, to certain acts or to certain facts; such as the weight which the law attaches to the confession of the party, or to his oath.

APPEAL from the Second District Court of New Orleans, *Whitaker*, J. J. *Magne* for plaintiffs. *C. Roselius* for defendant and appellant.

ILSLEY, J. The late widow Betat (of whom the plaintiffs are the legal representatives) and the defendant, E. E. Mougin, were co-partners.

The sum claimed in the petition, seven hundred and ninety-one dollars and seventy cents, is represented to be the balance by him the defendant due, in cash, in the settlement of the partnership; besides an amount of three thousand eight hundred and twenty-eight dollars and ninety-two cents, assets to be divided.

The defendant, by his answer, acknowledged himself indebted to the plaintiffs in the sum of six hundred and eighty-nine dollars and seventy-four cents; but he averred that one hundred and eighty-two dollars and forty-six cents were due to him, and he prayed that that sum should be allowed him in compensation, or deduction.

The court below gave judgment in favor of the plaintiffs for six hundred and forty-two dollars and seventy-three cents, subject to a credit of sixty-eight dollars, allowed in compensation, and ordered the partition of the three thousand eight hundred and twenty-eight dollars and ninety-two cents; and from this judgment the defendant, Mougin, has appealed.

The plaintiffs in this court pray that the judgment of the District court be amended, by striking out the item of sixty-eight dollars, improperly allowed to the defendant and appellant; and that judgment be rendered by this court in accordance with their prayer.

By the answer of the defendant, it is admitted that he is indebted to the plaintiffs in the sum of six hundred and eighty-nine dollars and seventy-four cents; and this judicial confession is conclusive as regards that item. See Art. 2264 L. C.

WIDOW BETAT
*v.*
MOUGIN.

We find no evidence whatever in the record to sustain the defendant's plea in compensation. He annexed an account of indebtedness on the part of the plaintiffs to him, but he totally failed to prove it.

The plaintiffs and appellees do not complain of the judgment allowing them only the sum of six hundred and forty-two dollars and seventy-three cents; but say that the sum of sixty-eight dollars was erroneously allowed to defendant, and they pray accordingly.

It is therefore ordered, adjudged and decreed, that the judgment of the District court be so amended as to strike out and disallow the sum of sixty-eight dollars, awarded by the said decree to the defendant by way of compensation; and that, so amended, the judgment be and is hereby affirmed, with costs in both courts, to be paid by the defendant and appellant, E. E. Mougin.