No. 2046.—JOHN V. SEVIER *v.* The Succession of JAMES G. GORDON.

The acknowledgment, written on the back of a promissory note by the administrator or executor, amounts to an interruption of prescription, which begins to run again from that date.

The administrator or executor is without the power to renounce or waive prescription after it has been acquired in favor of the estate he represents.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Farrar, J. Farrar & Reeves* and *A. N. & H. N. Ogden,* for plaintiff and appellant. *Julius Aroni* and *Thomas P. Clinton,* for defendant and appellee.

HOWE, J. A rehearing was granted in this case upon the motion to dismiss ; and, it appearing by the record that the plaintiff's attorneys accepted service of the petition of appeal on the twenty-third April, 1863, a fact which escaped our attention in our first examination, the motion to dismiss must be overruled and the cause decided on its merits.

The appeal is taken from a judgment by which these promissory notes, made by James G. Gordon and held by plaintiff, were ranked as acknowledged debts of the succession, and ordered to be paid in the due course of administration.

The plea of prescription of five years is filed in this court by George W. Sargent, dative testamentary executor, the appellant.

The notes matured as follows, respectively : June 24, 1854, December 15, 1854, and January 4, 1855. In the early part of the year 1855 they were presented to John Routh, then executor of Gordon, deceased, and were indorsed by him as follows :

"Presented and allowed, and will be paid on the settlement of the estate.                                  "JOHN ROUTH,
                              "Executor estate of J. G. Gordon."

On the thirtieth October, 1866, the following indorsement was made on each of the notes :

"I hereby waive prescription on the within notes. Lake St. Joseph, October 30, 1866.                         "JOHN ROUTH,
                              "Executor estate of J. G. Gordon."

On the twenty-sixth June, 1867, the plaintiff filed his petition in this case, with the notes and their indorsements, and on the same day the judgment was rendered, from which the present executor, Sargent, has appealed.

We think it clear that on the thirtieth October, 1866, prescription had been acquired upon the notes. We are unable to perceive how the acknowledgment by the former executor in 1855 could have greater effect than a similar act by the maker in his lifetime; and it is unnecessary to consider what would have been the legal result if this acknowledgment had been followed by an application at that time to the judge to have the claims ranked among the acknowledged debts of

the succession, and the taking of such succeeding steps as are provided by law. C. P. 985, *et seq.*

The acknowledgments in 1855 amounted to an interruption, and nothing more; and prescription began to run from that date. Succession of Dubreuil, 12 Rob. 507, 511.

It is urged by plaintiff that the dative executor has no right, under the circumstances of this case, to plead prescription; but we do not find, either in precedent or reason, any authority for this proposition. As dative executor it is his duty to defend the succession against the enforcement of claims that have been prescribed, and which are therefore presumed to have been paid. Having this right, the only question remaining in the case is whether the waiver by the former executor, on the thirtieth October, 1866, was, as to the succession, a valid renunciation of an acquired prescription.

In Lafon's heirs *v.* his executors, 3 N. S. 716, it was held that executors cannot, even by a *payment,* if unauthorized by the court, deprive creditors, legatees and heirs of the protection of an acquired prescription.

In Whittakam *v.* Swain, 9 Ann. 123, it was held that, inasmuch as the power to renounce prescription could only exist in one having a capacity to alienate, a tutor could not renounce a prescription *liberandi causa* acquired by his ward. Following the principles thus settled, and applying them as they would seem to be properly applicable to the facts in the case at bar, we must conclude that the executor, Routh, had no power in 1866 to renounce the prescription which had been acquired on these debts, and thus deprive the succession of a vested right.

Upon the face of the record the notes are prescribed, and the judgment appealed from must be reversed.

The appellee having asked that the cause should be remanded in case this conclusion should be reached, it is ordered and adjudged that the judgment of this court heretofore rendered dismissing the appeal be annulled. It is further ordered that the judgment appealed from be avoided and reversed, and the cause remanded to be proceeded with according to law, and that the appellee pay the costs of the appeal.