Rehearing refused.

---

No. 3775.—AR. MILTENBERGER *v.* J. WITHEROW, Curator.

The act of Congress of June, 1864, which suspended the prescription of actions in cases where the creditor resided within the limits of the adhering States and the debtor resided within the limits of the insurrectionary States, during the late war, does not apply to cases where the creditor and debtor both resided within the limits of the insurrectionary States.

Prescription once acquired in favor of an estate can not be waived by an acknowledgment of the claim by the administrator.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J. *Jacob C. Seale*, for plaintiff and appellant. *E. D. Farrar*, for defendant and appellee.

HOWELL, J. The plaintiff has appealed from a judgment sustaining the plea of prescription to his action on an account for money furnished to Robt. Ramsey, deceased, to purchase plantation supplies and the commissions thereon from ninth August, 1861, to eleventh July,

1862. He relies upon the proof that in 1863 the debtor went to Texas where he died; that from the month of March, 1863, to November, 1865, no suit could have been brought in the courts of Madison parish, the residence of said Ramsey, up to the time of his going to Texas, and that one N. D. Coleman, as administrator, on the eighth November, 1866, wrote upon the account the approval thereof to be paid in due course of administration; and he also invokes the act of Congress, eleventh June, 1864, suspending prescription. This act of Congress can not apply, the residence of the parties being in this State, and as the evidence shows, within the Federal lines of occupation during the time. Admitting that N. D. Coleman was legally appointed the administrator of Ramsey's succession, the account was prescribed at the time he acknowledged it, according to the established jurisprudence of this State, and he had no power to waive prescription already acquired in favor of the succession.

None of the grounds urged by plaintiff can be accepted as interrupting or suspending the prescription in this case.

Judgment affirmed.