No. 8736.

Orleans Appeal.

MRS. STELLA BOUTIN, Wife of Eugene Buck, Appellant, v. MRS. BELLE BRADLEY, Widow of Andrew Latimer.

(December 1, 1924, Opinion and Decree.)
(January 5, 1925, Rehearing Refused with Reasons.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Damages—Par. 104.**
Where plaintiff's injury consists of bruises to her hip, which, though painful, are not serious, an award of One Hundred and Fifty ($150.00) Dollars will be deemed sufficient.

(Civil Code, Art. 2315—Editor's Note.)

Appeal from Civil District Court for the Parish of Orleans, Division "E", Hon. Wynne G. Rogers, Judge.

This is a suit for personal injuries. Judgment for defendant. Plaintiff appealed.

Judgment reversed.

Jos. J. Ritayik, attorney for plaintiff and appellant.

Chas. Louque, attorney for defendant and appellee.

WESTERFIELD, J.   This is a suit for personal injuries in the sum of Five Thousand and Thirty-nine ($5,039.00) Dollars. Plaintiff alleges she fell through a defective floor of the premises belonging to defendant and rented by her. The defendant, landlord, denies that the floor was defective and that plaintiff was injured as she alleges. The District Court gave judgment for defendant and plaintiff appealed to the Supreme Court. That court remanded the case to us upon the ground that the claim, if any, plaintiff could properly assert, was grossly exaggerated, saying in its opinion (Buck vs. Latimer, 151 La. 886; 92 So. 372): "We cannot conceive how plaintiff could possibly expect to recover an amount even approximating the lower limit of this court's jurisdiction ($2,000); and hence, we conclude that plaintiff has exaggerated her claim for the purpose of giving this court jurisdiction."

We have examined the record with care in order to satisfy ourselves upon the issues of fact, there being no controverted questions of law involved.

We conclude that plaintiff was injured under circumstances involving the liability of defendant. The question of the extent of her injuries is not clear to us, however, we agree with our brethren of the Supreme Court that they were not extensive. Plaintiff's hip was bruised and several calls were made by her doctor, who instructed her to remain in bed four or five days, but she was in an advanced stage of pregnancy and the doctor states that he was influenced by that fact as well as her injuries in ordering her to bed. No injury is claimed, or shown to have resulted to the child, who experienced a normal birth, though the fact of pregnancy is advanced in support of plaintiff's claim for mental anguish.

Under the circumstances, we think an award of One Hundred and Fifty ($150.00) Dollars would be proper.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in plaintiff's favor and against defendant in the sum of One Hundred and Fifty ($150.00) Dollars, defendant to pay costs of the Civil District Court and of this court.