No. 2116
Second Circuit

T. Q. GREER v. J. F. HAMILTON

(December 1, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana      Digest—Automobiles—Par.
   4 (d).

One who drives an automobile at an excessive rate of speed through a town is negligent.

2. Louisiana Digest—Automobiles—Par. 4 (c), 4 (d).

One who drives an automobile over to the left side of the road where he struck a pedestrian is negligent.
(Civil Code, Article 2315.    Editor's note.)

3. Louisiana Digest—Damages—Par. 104.

Four hundred dollars is sufficient quantum of damages for a dislocated wrist and bruises which disabled the injured person for about eight weeks.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Caldwell, Hon. F. E. Jones, Judge.

This is a suit for damages arising out of a collision between an automobile and pedestrian. There was judgment for plaintiff, and defendant appealed.

Judgment affirmed.

Thornhill & Thornhill, of Columbia, attorneys for plaintiff, appellee.

G. T. McSween, Jr., of Shreveport and Gus L. Alford, of Columbia, attorneys for defendant, appellant.

ODOM, J.   On March 24, 1923, the plaintiff was struck and knocked down by a Ford automobile owned and operated by the defendant as a service car. He alleges that he was badly injured, and brought suit against the defendant for the sum of $2867.50 for injuries, suffering and expenses incurred on account of said accident.

The defendant, Hamilton, in answer, sets up that the accident was caused by no fault or negligence of his driver but pleads contributory negligence on the part of the plaintiff and alleges that the accident was caused solely on account of the plaintiff's neglecting to take the ordinary precaution.

The trial of the case in the district court resulted in a judgment in favor of the plaintiff and against the defendant for the sum of $400.00 and all costs of the suit. From this judgment the defendant appeals. The plaintiff answered the appeal and asked that the amount of the judgment be increased to the total amount which he asked in his petition.

OPINION.

The accident occurred in the public highway at Grayson, Louisiana, in the Parish of Caldwell, between 5 and 6 o'clock on March 24, 1923.

The plaintiff operates the electric light plant at Grayson at night and on the occasion of the accident he started across the public road with an oil can in his hand for the purpose of procuring some lubricating oil to be used at the power plant. It seems there is no public crossing at the point where the plaintiff attempted to cross the public road. The accident happened about 20 or 25 feet south of a filling station operated by a man by the name of Gulpepper. The filling station is on the east side of the public road. Just south of the filling station, a distance of something more than 125 feet, there is another public road which crosses the one on which the accident happened. It seems that the power plant is on the east side of the main public road, running north and south and that the plaintiff had to cross this public road in order to get the oil from the filling station on the west side of the road. As stated, he attempted to cross the road some 20 or 25 feet south of the filling station. Just in front of the filling station there was a park which probably extended out a short distance into the

public road, but just how far the testimony does not make clear.

The plaintiff went into the road from the east side and as he got within about three feet, according to his testimony, of the center of the road, he saw the automobile coming from the north when it was about 10 or 12 feet from him. When he saw the automobile he stepped back about three feet and, according to his testimony, the driver of the automobile, instead of keeping to the right hand side of the road going south, swerved his car to the left, over towards the east side of the road and ran squarely against him.

Two of the witnesses for plaintiff, both of whom saw the entire transaction, say that the driver of the car left the west or right hand side of the road and came over to the east side of the road and struck the plaintiff somewhere between the center of the road and the eastern edge thereof. The exact spot at which the plaintiff was struck is hard to determine. One of the witnesses says that the plaintiff was not more than five feet from the eastern edge of the road at the time he was struck. Other witnesses indicate that he was nearer the center of the road. But all of plaintiff's witnesses who saw the accident, about three in number, state that the driver of the car swerved completely over to the eastern or left hand side of the road and hit the plaintiff on that side.

A Mr. Johnson who was in the automobile with the driver at the time, testifies that the plaintiff was struck while about the middle of the road, and he thinks that the driver did everything possible to avert the accident. However, the decided preponderance of the testimony is to the effect that the driver of the car instead of keeping on the right hand or western side of the road, as he should have done, swerved his car over towards the eastern side of the road and struck plaintiff over on that side.

As we gather from the testimony, it is probable that the driver of the car turned slightly to the right or towards the west side of the road in order to go around a truck which was parked in front of the filling station; but there is nothing to show why he left the right hand side of the road after passing the truck and swerved over to the left hand side.

There is considerable testimony as to the speed at which the driver was going at the time of the accident. The testimony of the plaintiff and that of three other witnesses sworn on his behalf states that the car was running about 20 miles an hour, one witness stating that it was probably going between 18 and 20 miles an hour. Mr. Johnson, who was in the automobile with the driver at the time of the accident gives it as his opinion that the car was not travelling at more than twelve miles an hour.

We are perfectly satisfied, however, from the testimony that the plaintiff was running at not less than 18 miles and probably 20 miles an hour at the time of the accident. One witness who testified that the car was going about that rate was an experienced automobile driver, and each of the others, except Mr. Johnson, had had considerable experience in handling Ford cars.

Another reason why we conclude that the driver was going at not less than 18 or 20 miles an hour is the fact that the rear wheels of the car skidded about 10 or 12 feet before striking the plaintiff and skidded several feet after striking him. One of the witnesses for plaintiff testified that he examined the road, which is gravelled at that point, and that it showed that the wheels of the car skidded on the road from about the time the driver swerved it to the left or towards the east side of the road for a distance of some 10 or 12 feet and that after striking the defendant the car turned to the right and that it skidded some sev-

eral feet thereafter. Other witnesses testified that there was evidence in the road of quite a considerable skidding. One of the witnesses testified that a Ford car driven on a gravel road running at the rate of 12 miles an hour could be stopped within 10 or 12 feet. This testimony is not disputed and we think it reasonable.

The testimony further shows that the driver of the car evidently saw the plaintiff when he was some 12 or 15 feet away from him. It will therefore appear that if he was running at a rate of not more than 12 miles an hour he could at least have stopped the car by the time he reached plaintiff. But, as stated, the testimony is that not only was the driver unable to stop the car by the time he reached plaintiff but he continued to use his brake, causing the rear wheels to skid for several feet after he struck him.

It is defendant's contention that when the driver of the car saw the plaintiff near the center of the road he attempted to miss him by driving on the east side of him and that if the plaintiff had stepped forward instead of backward the accident would have been averted.

However, other witnesses say that even if plaintiff had stepped forward the car would necessarily have struck him.

Our conclusion of the case is, on a consideration of all the testimony, that the driver of the automobile was negligent, first, because he was driving at an excessive rate of speed through the town of Grayson, and, second, because he left the right hand side of the road, where he should have remained, and drove over to the east side where the plaintiff was struck, and that if he had been driving at a reasonable rate of speed or if he had kept on the right hand side of the road, as he should have done, he would not have struck plaintiff. We think he was grossly negligent in both respects and that his negligence was the proximate cause of the injury.

Defendant pleads that plaintiff had the last clear chance to avoid the accident. We do not think so. We do not think that there is any room for the application of the doctrine of the last clear chance in this case.

We think the testimony as a whole shows conclusively that the defendant is liable.

The driver of the automobile, a colored boy, who was shown to be a licensed chauffeur under the laws of the State of Louisiana, was not called as a witness, for what reason, we are not informed.

The judge of the district court after seeing and hearing all of the witnesses concluded that the plaintiff was entitled to judgment in the sum of $400.00, and we think his judgment is correct.

The plaintiff has moved to amend the judgment so as to allow him the full amount of damages which he claimed in his petition.

It seems that the plaintiff had a wrist dislocated, which disabled him for about eight weeks. In addition thereto he was considerably bruised up and unable to do any work for some little time. He expended about $36.00 for doctor's bills and for the making of an x-ray of his hand, all of which the lower court took into consideration in fixing the amount of the award.

We cannot say that the district judge manifestly erred in fixing this amount.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, the defendant to pay all costs in both courts.