No. ——

Second Circuit

THORNHILL

v.

YELLOW CAB CO. OF MONROE

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles—Par. 4, 4a.**

It is actionable negligence for the driver of a taxicab, after he has stopped his cab, looked back and observed an automobile following in his rear, to back into same; before backing he should make sure that the car in the rear of his has cleared the space he wishes to traverse before backing into it.
Landreanau vs. Chapman, 4 La. App. 402.

2. **Louisiana Digest—Automobiles—Par. 4, 4a.**

It is actionable negligence for the driver of a taxicab to back his car into territory that might be occupied by another automobile without first looking and making sure that the territory he wishes to enter is vacant.
Ibid.

3. **Louisiana Digest—Automobiles—Par. 4, 4a.**

Drivers of automobiles owe the use of reasonable care to avoid colliding with other vehicles moving on the same highway; it is actionable negligence for the driver of a taxicab to drive his car immediately in front of a rapidly approaching automobile on the public highway from a private road; and a fortiori it is actionable negligence

for the driver of a taxicab to drive his car into a passing car on a generally used highway.

**4. Louisiana Digest—Automobiles—Par. 4, 4d.**

A city ordinance regulating the operation of automobiles on public streets must be observed, and if an injury results from its violation the owner of the car must answer for the damage done. Dill vs. Colley, 3 La. App. 305.

**5. Louisiana Digest—Automobiles—Par. 4, 4a, 8.**

When the driver of a taxicab has created a dangerous situation from which damage results to another he will not be allowed to exonerate himself by the plea that if the injured person had acted differently the injury would have been averted. Ibid.

**6. Louisiana Digest—Automobiles—Par. 4, 4b.**

It is proper to allow recovery where the driver of a motor car sees a car passing beyond him in time to avoid injury by stopping and fails to reduce his speed or bring his car to a stop. 20 Ruling Case Law, 140-141.

**7. Louisiana Digest—Automobiles—Par. 4, 4b.**

It is part of the duty of the operator of a motor vehicle to keep his machine always under control so as to be able to stop it in time to avoid collision with another car or other object. He has no right to assume that the road is clear but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others. Accordingly the fact that he thought that a passing car had cleared the territory he intended to use is no excuse for conduct which would have amounted to recklessness if he had known that another vehicle was behind him. He should be specially watchful in anticipation of the presence of others at depots and other places where many vehicles are congregated and where men, women and children are congregated.
2 Ruling Case Law 1184.
Southall vs. Smith, 151 La. 967.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. J. T. Shell, Judge.

Action by H. G. Thornhill, et al., against The Yellow Cab Company of Monroe, Inc.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintiffs, appellees.

Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit to recover damages for a collision between automobiles. Defendant denied liability and alleged that the collision was caused by the fault and negligence of Mrs. Flora Thornhill, one of the plaintiffs.

On these issues the case was tried and there was judgment in favor of the plaintiff, H. G. Thornhill, for $20.00 on his own account and for $300.00 for the use and benefit of his minor son, Harry Thornhill, Jr. The defendant appealed.

## OPINION

Mrs. Flora Thornhill, accompanied by her minor son and her daughter, was driving in an automobile on a public street in the city of Monroe a short distance

(from fifteen to thirty feet) behind an automobile belonging to defendant and being operated by one of its employees. Defendant's taxicab turned from the direction in which it was moving and the car being driven by Mrs. Thornhill continued on its way. The taxicab was thrown into reverse, and backed into Mrs. Thornhill's car, and thereby caused the collision complained of. Before backing defendant's employee did not sound a horn or give other warning signal of his intended movement. In fact the horn on the taxicab was not in working order, and while the lack of a horn on the taxicab did not contribute to cause the accident it it a badge of reckless and careless driving and indicated a lack of regard for the safety of others using the public highway.

Mrs. Thornhill swears that the driver of the taxicab did not hold out his hand or otherwise indicate that he intended to change the course of movement of his car, and we accept her testimony as true, as evidently did the trial judge.

The driver of defendant's car swore that he did hold out his hand. If he did so, he did not allow the driver of the car following him time to regulate the movement of her car agreeably to his signal, for he immediately threw his car into reverse and backed into the car Mrs. Thornhill was driving. It is useless to give a signal indicating what the driver of a car intends to do unless time enough is allowed to those signalled to govern themselves accordingly.

Defendant argues that the accident was due to Mrs. Thornhill's applying the brakes to her car suddenly. We do not think so, for according to defendant's testimony she brought her car to a stop and then started it and later stopped it within a length of approximately sixty feet. We do not think it possible for a car to stop, start again, and then stop within sixty feet so abruptly as to throw an occupant of the car through the windshield.

But be that as it may, it is clear that the driver of defendant's taxicab, by throwing his car into reverse and backing it as he testified he did, created a hazardous condition that placed Mrs. Thornhill and the other occupants of the car in imminent danger, and defendant will not be heard to say that if Mrs. Thornhill had acted differently the collision would have been averted.

The turning aside of defendant's car and immediately backing it into plaintiff's car following it was in violation of an ordinance of the city of Monroe and hazardous and highly dangerous.

The driving of plaintiff's car, under the evidence, was without fault.

The finding of the trial judge as to this matter of fact is correct.

This brings us to the question of damages.

Plaintiffs' eleven-year-old son was thrown through the windshield of the car in which he was riding and his nose was cut to the bone. By prompt medical attention the cut healed quickly and, though it has left a scar, the evidence shows that the scar will eventually disappear.

In our opinion the allowance by the District Court of $300.00 for the damage

sustained by plaintiffs' minor son is not unreasonable. The $30.00 allowed to plaintiff is clearly sustained by the evidence.

For these reasons it is ordered, adjudged and decreed that the judgment appealed from be affirmed.