ANGERMEIER v. GIARRATANO

---

(November 20, 1927. Opinion and Decree.)
(December 12, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**
As only questions of fact are involved and there is no manifest error in the decision of the trial judge, it is affirmed as to liability.

2. **Louisiana Digest—Damages—Par. 104.**
An award of three hundred dollars is sufficient as damages to an adult woman who suffered a bruise on the left shoulder, caused by a plank falling from a neighbor's house, when she did not consult a physician for eight days and never complained to the neighbor and there was no permanent injury.

Appeal from Civil District Court, Division "A". Hon. H. C. Cage, Judge.

Action by Mrs. Julia Angermeier against Jos. Giarratano.

There was judgment for plaintiff and defendant appealed.

Judgment amended.

Henry B. Curtis, of New Orleans, attorney for plaintiff, appellee.

Theo. Cotonio, of New Orleans, attorney for defendant, appellant.

OPINION

JONES, J. Plaintiff sues for one thousand, five hundred sixty-one and 90-100 ($1,561.90) dollars, damages itemized as follows:

| | |
|---|---|
| Physical pain and mental suffering caused by blow | $ 750.00 |
| Resulting injury and loss of health | 750.00 |
| Physician's bill and medicine | 161.90 |
| | $1561.90 |

Plaintiff alleges that she was struck and severely bruised about neck and shoulders by a plank falling from defendant's home, while she was conversing with him in the alleyway between their two homes on December 21st, 1923, at 4 P. M.; that the plank was twelve feet long, six inches wide and one-half inch thick, and struck petitioner so violently that she was unable to continue the interview; that the falling of the plank was due to defendant's negligence and that the injury caused her to remain in bed for a week in January, 1924, to consult a physician from time to time up to the filing of this suit, June 30th, 1924, and that she was still suffering from pain in the back, dizzy spells, and was unable to lie on her back without pains.

Defendant admitted the falling of the plank from his house at the time of the interview, but denied it struck plaintiff and

averred that the filing of the suit against him was prompted by a desire to harass him, because he had shortly before filed suit against her about a right of passage through the alleyway.

The judge of the lower court found against defendant on the question of negligence and gave judgment in favor of plaintiff for seven hundred and fifty ($750.00) dollars.

In his reasons for judgment he states that he did not believe the doctor would ever send her a bill for his services and that her testimony as to cost of drugs was too vague to permit recovery.

There were only two witnesses to the falling of the plank, plaintiff and defendant. The former swears positively that it struck her, the latter somewhat hesitantly that it did not.

Defendant further swears that she made no complaint at the time and, in fact, had never made any to him, and plaintiff admits these charges.

However, the attendant circumstances seem to support the conclusion of the trial judge, and, as careful consideration of the entire evidence reveals no clear error in his decision, we hereby affirm it as to liability.

As the defendant did not consult a physician for eight days after the accident and as the evidence is by no means conclusive as to her having been confined to her home or having lost any time from her occupation at the Charity Hospital as a practical nurse, and as there is no permanent injury, we think the amount awarded should be reduced to three hundred ($300.00) dollars, an amount more consonant with awards of this court in somewhat analogous cases.

Banister vs. City of Monroe, 4 La. App. 182;

Greer vs. Hamilton, 3 La. App. 120;

Hampton vs. Northwest R. R. Co., 2 La. App. 171;

Becker vs. I. C. R. R. Co., 2 La. App. 745;

Boulin vs. Bradley, 1 La. App. 260.

For above reasons the judgment is amended to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Julia Angermeier, by first marriage widow of Bernard Graff and by second marriage wife of William Gerchow, and against defendant, Jos. Giarratano, for the full sum of three hundred ($300.00) dollars, with legal interest from judicial demand.

ON APPLICATION FOR REHEARING

On application for rehearing in above case, it is ordered that costs of this court be paid by defendant.

PER CURIAM

As the judgment in this case was amended in favor of defendant, it was intended that costs of this court should be paid by plaintiff, but by clerical error the costs were put on defendant, and it is now ordered, adjudged and decreed that the costs of this court be paid by plaintiff.