SANTOS ET AL. v. DUVIC

(March 23, 1931. Opinion and Decree.)

M. C. Scharff, of New Orleans, attorney for plaintiffs, appellees.

Wm. H. Sellers and Edward Rightor, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiffs instituted this suit for damages for the death of their mother, who was fatally injured by an automobile owned and operated by the defendant at the intersection of Canal boulevard and Louque place, this city, on October 8, 1928, about 7 o'clock p. m. The charge of negligence against the defendant is that he ran down the deceased at the intersection, after she had practically negotiated it, while driving his car at an excessive and reckless rate of speed. Defendant denied the allegations of the petition and pleaded contributory negligence. There was judgment in favor of plaintiffs for the sum of $4,000 and defendant has appealed.

The record shows that Canal boulevard has a neutral ground with paved roadways on each side of it. Automobiles moving thereon in the direction of the lake use the downtown side thoroughfare and those proceeding towards the river use the uptown side roadway. Louque place crosses Canal boulevard at right angles. The deceased, a woman 67 years of age, was living with her daughter on the uptown side of Canal boulevard and was returning home from a domestic errand at the time of the accident.

The defendant was the sole eyewitness to the accident and he testified that he

was a salesman and had left his office to go home at about 6:30 p. m.; that he was driving his 1926 model Chevrolet coach on the downtown thoroughfare of Canal boulevard in the direction of the lake; that as he neared the intersection of Louque place he saw a dark object crossing from the lower to the upper side of Canal boulevard, about ten feet from the intersection of Louque place; that the object was past the middle of the street at the time that he saw it and that he was a distance of from 45 to 60 feet from it at that time; that he was traveling about 23 miles an hour, three or four feet from the neutral ground curb; that he slowed down and saw the object pass out of the range of his lights in the direction of the neutral ground, and continued on his course and accelerated his speed; that the object suddenly returned from the direction of the neutral ground directly in the path of the automobile and that he attempted to swerve to the right, in order to avoid striking it, but that, before he could turn, he had already struck the object; that he brought his car to a stop some 45 feet from where he struck the deceased, and that he then backed his car up and, with the assistance of bystanders, put her in the car and took her to the Charity Hospital.

On cross-examination of the defendant it was brought out that he did not blow his horn; that there were no other automobiles in front of him to interfere with his view and that there was nothing on his right to have prevented him from driving to the right in order to have avoided striking the deceased; that when he first saw the deceased crossing the street, he made no attempt to alter his course by driving to the right so as to have taken precaution to avoid striking the deceased; and that the deceased, having almost crossed the street, had the right of way.

Plaintiffs established by two disinterested witnesses that the body of the deceased was found twelve or fifteen feet from the intersection and three or four feet from the neutral ground curb; that they were attracted to the scene by a loud crash and, upon arriving there, found the defendant's car ninety or a hundred feet from the scene of the accident in the act of backing up in the direction where the deceased lay in the roadway; that the left front headlight of the car was broken and there was a dent in the left front side of the radiator shell. The defendant on cross-examination admitted that that was the portion of the car that struck the deceased.

It was also proven by the plaintiffs' witnesses that the paved roadway in the direction of the lake, on which defendant's car was traveling, was thirty-one feet wide.

Plaintiffs further showed by a police officer that immediately after the accident defendant admitted that the brakes on his car were defective and would not hold, and that when the policeman attempted to drive the car he found the brakes ineffective. Defendant at first objected to this evidence, but withdrew the objection and then sought to rebut the evidence of plaintiffs tending to show that fact, but, we believe, unsuccessfully.

It is clear that if the defendant ran down the deceased without giving her any warning of his approach by sounding his horn after he was aware of her presence and while a distance of forty-five to sixty feet away, running twenty-three miles an hour with a clear, dry and unobstructed road, which afforded him every opportunity of steering to the right or stopping

in order to have avoided striking her—conceding that the deceased was guilty of negligence in attempting to cross the street—the defendant certainly had the last clear chance of avoiding the accident, and, therefore, would be liable. Johnson v. Boyle, 5 La. App. 362; Kelly v. Ludlum, 9 La. App. 57, 118 So. 781; Gouzien v. Feraci, 2 La. App. 115; Martin v. Zatarain, 7 La. App. 629; Greer v. Hamilton, 3 La. App. 120; Parlongue v. Leon, 6 La. App. 18; Thornhill v. Yellow Cab Co. of Monroe, 6 La. App. 787; Green v. Moore, 4 La. App. 495; Kelly v. Schmidt & Ziegler, Ltd., 142 La. 91, 76 So. 250; Hodges v. Davis, 7 La. App. 327; Reed v. Sievers, 146 La. 391, 83 So. 685.

Defendant seeks to convince us that the old lady had completed the crossing and arrived on the neutral ground and, having found that it was impassible on account of debris and weeds, attempted to return into the roadway and suddenly stepped in front of his car and hence gave him no opportunity to avoid striking her. The judge of the trial court, in his reasons for judgment, refused to accept this part of the defendant's testimony because, taking the defendant's estimates of speed and distances, he was satisfied that the defendant struck the deceased as she was attempting to cross the street and was near the neutral ground. The application of mathematics to the speed of his car and distances, furnished by the defendant, adequately bears out the opinion of the trial judge. We observe that, had the old lady gone upon the neutral ground and then attempted to return, as the defendant says she did, his car would have passed her before she would have had an opportunity of walking from the neutral ground back into the street.

In his written statement to the police after the accident, defendant said that "some unknown white lady, after passing in front of his machine to the neutral ground of Canal boulevard, suddenly hesitated and stepped backwards into the street and was struck by his machine." The following day, at the coroner's inquest, defendant stated under oath that "as she came I slowed up and she passed directly in front of me and, as she reached the neutral ground, she either backed or turned around. I tried to swerve my car to prevent the accident." In his testimony on the witness stand, under cross-examination, defendant stated that the deceased had returned from the neutral ground into the street about five feet, when he struck her. It is thus seen that defendant gives three different versions of how the old lady suddenly appeared in front of his car. This would be an additional reason for rejecting that part of defendant's testimony.

We further note that the deceased sustained crushing injuries to her left side, which would strongly indicate that she was struck by defendant's car while attempting to cross the street as his automobile approached her from that side, and not while she was returning from the neutral ground, because defendant would then be approaching from her right side.

Counsel for defendant complains that the trial court should either have accepted the defendant's statement as a whole, or rejected it as a whole. If accepted as a whole, then defendant was vindicated; if rejected as a whole, the plaintiffs had failed to prove their case, as there was no other eyewitness to the accident; but no authority is cited by defendant to support this contention. We believe it was proper for the court below to accept such portions of defendant's testimony as were plausible and reasonable in the light of human experience and to reject any portions of it that appeared to the contrary. This is particularly true in cases such as

the present one. The defendant's testimony, in the respects accepted by the court, is corroborated by the physical facts and, in a measure, by the testimony of the witnesses arriving at the scene immediately after the accident. The plaintiffs' evidence certainly tends to show that the defendant was operating his car at an excessive rate of speed, with defective brakes, and that the deceased was killed at the crossing after having nearly completed it.

Judicial admissions are the strongest and highest evidence against the party making them. Succession of Hostetter, 128 La. 468, 54 So. 961. Litigants are not required to prove what their opponents judicially admit. Peytral v. Lacourrage, 1 Orleans Appeal 38.

The trial court found that defendant had the last clear chance of avoiding the accident, and we have reached the conclusion that its finding is correct.

The deceased was 67 years of age, in good health, and lived with one of her married daughters, and was seen regularly by plaintiffs, her major children, to whom she was attentive. She sustained a fracture of the third and fourth cervicle vertebrae, multiple fractures of the upper and lower arm, ribs on the left side from fourth to tenth crushed and fractured; bone below right eye fractured, and from which injuries she died almost immediately after the accident. The plaintiffs were not dependent upon their mother for support. The trial court allowed the sum of $4,000. Defendant complains that this is excessive and the plaintiffs have answered the appeal and asked that the award be increased.

We have reached the conclusion that the amount awarded is in keeping with former awards and appears to be neither manifestly excessive nor inadequate.

For the reasons assigned the judgment appealed from is affirmed.