**LEITZ EAGAN FUNERAL HOME, INC. et al. v. RIDGLEY.**

No. 17141.

Court of Appeal of Louisiana. Orleans.

June 12, 1939.

Arthur A. Steiner, of New Orleans, for appellant.

Louis A. Schwartz, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit by Leitz Eagan Funeral Home, Inc., Dr. Joseph W. Cirino and Mrs. McTague, three creditors of the Succession of Margaret Ridgley, against John Edward Ridgley, the Universal Legatee, who had been placed in possession of the entire succession upon his assumption of the debts, pursuant to the provisions of Article 1056 of the Revised Civil Code.

Margaret Ridgley died in the City of New Orleans on February 12, 1936. Her succession was duly opened in the Civil District Court under the docket No. 223,043. John Edward Ridgley qualified as executor and on September 7, 1937, presented a petition in which he stated that he investigated the affairs of the deceased and discovered that the only debts due by the Succession were as follows:
"*    *    *    *    *    *

| | |
|---|---|
| Dr. Joseph W. Cirino | $200.00 |
| Leitz Eagan Funeral Home, Inc. | 87.50 |
| Mrs. McTague | 40.00 |

*    *    *    *    *    * ".

and "your petitioner is the universal legatee of the deceased Margaret Ridgley in accordance with her last will, * * *; that he is willing to assume, and does assume, all the debts and obligations due by this estate, and that he should be sent and put in pos-

session of all the property left by decedent at the time of her death, and more particularly of the following described real estate, to-wit: * * *". The petition concluded with a prayer asking that he be put into possession of the succession. According to the inventory, the only asset of the succession was an undivided one-half interest in the real estate which John Edward Ridgley sought to be and was placed in possession of as universal legatee.

In the oral argument of the attorney for the executor-legatee, and in his brief, we are told that the "amounts sued for herein are not the original sums owed plaintiffs. The compromise amounts were listed by attorney for the Succession of Margaret Ridgley, defendant recognizing that at one time petitioners had rendered service to deceased."

After being placed in possession of the property John Edward Ridgley sold it at private sale, obtained the proceeds thereof and thereafter declined to pay the three creditors, plaintiffs herein. A writ of sequestration was issued at the instance of plaintiffs, as lien creditors of the Succession, and sufficient funds resulting from the sale were seized in the possession of Ridgley's counsel, Arthur A. Steiner, to cover the indebtedness of petitioners. John Edward Ridgley answered denying any indebtedness to Dr. Jos. W. Cirino and Mrs. McTague because their claims were barred by prescription of three years liberandi causa, but admitted that he was liable for claims of the Leitz Eagan Funeral Home.

On the trial of the case an effort was made to substantiate the plea of prescription, whereupon an objection was made and sustained upon the ground that defendant had made a judicial admission of the amounts due. The court, in its ruling, declared that "under the law an heir can be sent and put in possession of property at any time provided he will turn over to the executor a sufficient amount to pay the legatees and assume the debts and charges of the estate as a condition precedent to going into possession. As the Court understands the law the heir must assume the debts and charges. This petition in its form brings a most solemn assumption of the obligations enumerated in the petition. Upon that assumption the Court acted, therefore the objection to the production of evidence will be sustained." There being no other defense, judgment naturally followed in plaintiffs' favor as prayed for.

The heir who accepts a succession purely, simply and unconditionally binds, himself personally for the debts and obligations due by the deceased. Articles 1013 and 1056 of the Revised Civil Code. Lawrence v. Lawrence, 172 La. 587, 134 So. 753; Louisiana State Bank v. Barrow, 2 La.Ann. 405.

Defendant's counsel recognizes the principle of law enunciated in the codal articles, but denies its applicability. He makes a distinction between John E. Ridgley as executor and John E. Ridgley as universal legatee, and says that as executor he listed the known claimants of the succession and that his action in that regard could have no other effect than as an acknowledgment, the executor being without authority to waive or renounce prescription. Lafon's Heirs v. His Executors, 3 Mart., N.S., 707; Sevier v. Succession of Gordon, 21 La.Ann. 373; Miltenberger v. Witherow, 24 La.Ann. 183; Villere v. Succession of Villere, 26 La Ann. 380; Succession of Romero, 31 La. Ann. 721; Succession of Driscoll, 125 La. 287, 51 So. 200; Succession of Egan, Man. Unrep. Cas. 399; Succession of Spann, 169 La. 412, 125 So. 289. As a legatee, Ridgley assumed only the debts due by the Succession, in other words, the existing and exigible obligations due by the decedent at the time of her death; that the reason for his listing these claims was his belief that they were due and owing by Margaret Ridgley, whereas, as a matter of fact, they had already prescribed; that if the claims had been pressed against the Succession of Margaret Ridgley no defense could have been made to the plea of prescription and, therefore, none could properly be made to Ridgley's attempt to urge the same defense.

Opposing counsel rely upon the acknowledgment of the executor-legatee that plaintiffs' claims were due by the succession and assumed by him. He is estopped, says counsel, from denying his solemn judicial admission.

" * * * judicial admissions are the strongest and highest evidence against the party making them. * * *" Succession of Hostetter, 128 La. 468, 54 So. 961, 962.

"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

"It amounts to full proof against him who has made it. * * *" Revised Civil Code, Art. 2291.

"By the answer of the defendant, it is admitted that he is indebted to the plaintiffs in the sum of six hundred and eighty-nine dollars and seventy-four cents; and this judicial confession is conclusive as regards that item. See Art. 2264 L. C." Betat v. Mougin, 17 La.Ann. 289.

"Where a person petitions the Court to be sent into possession of her mother's estate, alleging that the estate is free from debt, and to which allegations she makes affidavit, she is estopped from thereafter urging a claim against the estate. One will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding." Schaffer v. Lawton, 6 Orleans App. 366 (Syllabus by the Court).

If the legatee and executor had been different individuals, the case would be stronger from the point of view of the legatee in possession, and perhaps, the judicial admission that the debts were due might be said to mean only that they were apparently due and, if prescribed when acknowledged, maybe the legatee could successfully plead prescription upon the ground that he knew nothing of the running of prescription when he acknowledged the debts, and should be permitted to make this defense because it was available to the succession. On this point we express no opinion. However, here, the executor and legatee were one and the same and the debts were compromised by the executor. Certainly, the legatee in assuming the compromised debts cannot be heard to challenge their validity which, in his capacity as executor, he acknowledged. A compromise "is an agreement between two or more persons, who for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing". R.C.C. Art. 3071.

Our conclusion is that the action of the learned trial judge in refusing to permit defendant to prove the prescription pleaded by him was correct and therefore, for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.