## GOYNES v. ST. CHARLES DAIRY, Inc.
### No. 2141.

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1940.

Argued before LE BLANC and OTT, JJ., and COLUMBUS REID, Judge ad hoc.

Montgomery & Montgomery, of New Orleans, for appellant.

Rownd & Tycer, of Hammond, for appellee.

COLUMBUS REID, Judge ad hoc.

This is a suit brought by the plaintiff to recover from the defendant damages in the sum of $1,472.59, arising out of an automobile accident which occurred on Highway 51 in the Town of Roseland on the afternoon of August 13, 1939. The items of damages claimed in the petition are: Actual damage to his car, $282.59; general damage to his car, $150; loss of the use of car, $540; and personal injuries to himself, $500. The latter item of damage was waived at the beginning of the trial and therefore does not enter into the case.

The plaintiff alleges in his petition that on the afternoon mentioned, while his car was driven in the Town of Roseland at a speed of approximately twelve miles per hour, a truck belonging to the defendant and being operated by Alton McNab, an employee of defendant, proceeding in the same direction at a fast rate of speed, without warning suddenly crashed into petitioner's automobile from the rear. The defendant alleges in its answer that the driver of its truck was driving at a moderate rate of speed and when some 150 feet from plaintiff's car sounded his horn and pulled to the left in order to pass the car; that when he was within fifteen or twenty feet of the plaintiff's car, the driver thereof, suddenly and without warning, pulled to his left in an attempt to make a short left turn into a driveway; that the driver of the plaintiff's car then tried to pull back to the right and the driver of defendant's truck pulled further to the left to avoid the collision but, nevertheless, the front of the truck struck the left rear end of plaintiff's car. The defendant claimed that the accident was caused by the negligence of the driver of plaintiff's car in failing to give a signal of his intention to make a sudden left turn and in his failure to assure himself that there was no approaching traffic before attempting such turn. While defendant denies any negligence on its part, it pleads in the alternative the contributory negligence of the driver of the plaintiff's car as the approximate cause of the accident.

Judgment was rendered for plaintiff for the sum of $432, consisting of $282 actual damage to plaintiff's car, and $150 for the rental of another car while the damaged car was being repaired. The trial court refused to allow the item of $150 to be claimed as general damage and depreciation to the car. The defendant has appealed, and in this Court the plaintiff has filed an answer to the appeal on the day the case came on for argument, over objection of the defendant, praying that the judgment be amended by allowing the rejected item of $150 for general damage to the car.

Counsel for defendant urges his objection to the filing of the answer to the appeal on the ground that it comes too late. Article 890 of the Code of Practice, as amended by Act 103 of 1908, requires that all answers to appeals demanding the reversal of any part of the judgment or damages against the appellant shall be filed at least three days before the day fixed for argument, provided, that in the Courts of Appeal several circuits of the state such answers to appeals shall be allowed filed before argument within the first three days of the actual sittings of any regular session of said courts of appeal. Rule 11 of this Court printed at page 768 of Volume 11, Louisiana Courts of Appeal Report requires all answers to appeals to be filed within the time required by law, Act 103 of 1908.

The regular session of this court for the hearing and submission of cases at Amite is fixed by rule for the second weeks of June and January of each year, but this case, with others, was set for a hearing by order of court on June 6, 1940. The case was not heard on that date on account of the illness of one of the members of the court and the cases on assignment were by order of Court fixed for hearing for June 27, 1940. Therefore, for the purpose of filing answers to appeals this day must be considered as the first day of the session at Amite and the answer to the appeal being filed on this date and before the case was argued was filed within the first three days of the session in accordance with the provisions of Act 103 of 1908.

The second circuit Court of Appeal has so construed the above act and has held that in answer to the appeal praying for an amendment of the judgment may be filed on the first day of the regular session. Wilkinson v. Dubach Mill Co., Inc., 2 La.App. 249; Roberts v. Phillips, 6 La.App. 394; Dover et al. v. Atlas Assur. Co., 15 La.App. 132, 130 So. 828.

We concur in the construction by our learned brethren of the second circuit of Act 103 of 1908 and will adopt and follow this construction. We, therefore, hold that the motion to amend filed by the appellee is timely and will be considered. We note, however, that the Court of Appeal for the Parish of Orleans has held that Act 103 of 1908 does not apply to that Court or, if it does, the sessions of that Court begin the first Monday in October of each year, requiring all answers to appeals filed three days after the beginning of the term in October to be filed at least three days before the argument. Succession of Solis, 10 La. App. 109, 119 So. 768.

### On the Merits.

No good purpose could be served by entering into an extended discussion of

the testimony of the various witnesses in the case. It is sufficient to say that a very careful analysis of all the evidence leads us to the conclusion that the driver of the plaintiff's car was proceeding at a slow rate of speed in a northerly direction on the right side of the road; that he was slowing down preparatory to making a left turn into a driveway and that when he was approximately one hundred feet from this driveway the left rear fender of the car he was driving was struck by the right front bumper or right front part of the truck as it attempted to pass; that the driver of the car held out his hand to signal for the left turn. It is further our opinion that the cause of the accident was the fact that the truck was being driven too close to the forward car and at an excessive rate of speed taking into consideration its proximity to this car, together with the failure of the driver to notice the signal and the slowing down motion of plaintiff's car in preparation for the left turn. Under our conception of the evidence the driver of the truck did not sound his horn or give any other signal to call attention of the driver of the forward car to his intention to pass nor did he observe the other precautions required for passing by Rule 7 of Section 3 of Act 286 of 1938. We hold with the Judge of the lower Court that the collision between the car of plaintiff and the truck of defendant was caused solely by the negligence of the driver of defendant's truck and that, therefore, defendant is liable for whatever damages may have been suffered by plaintiff.

■ The counsel for defendant strenuously urges that since the plaintiff swore falsely on the trial of the case with reference to certain claims for damages, not only should all of his testimony be disregarded, but his entire claim should be rejected. We know of no legal authority for such action. The maxim "falsus in uno, falsus in omnibus" is, like many other maxims, not wholly correct either in ordinary affairs of life or judicial proceedings. The true rule is that if a witness wilfully testifies falsely to a material fact and there is no circumstance in the case tending to corroborate his evidence, the Courts have the right to reject all of his uncorroborated evidence as unworthy of credit; but they should not reject such portions of it as may be corroborated by other unobjectionable evidence in the cause. R. C. L. Vol. 28,

page 660. Courts have the right to accept plausible portions of a litigant's testimony and reject any portions of it that appear to the contrary. Santos v. Duvic, 16 La.App. 105, 133 So. 399.

The plaintiff files in evidence an itemized statement of the repairs made necessary to his car by reason of the accident and the costs thereof. There is no evidence to the contrary in the record, and we see no reason why this testimony should be rejected by reason of the possible unreliability of his evidence as to the other damages. This item of damage is sufficiently proved.

■ As regards the proof of the damage suffered by reason of the loss of the use of his car, we feel constrained to say that the evidence is utterly insufficient to prove this item with any legal certainty. The testimony of the plaintiff in this regard is to say the least uncertain and unsatisfactory. In his petition, he claims $540 for the loss of the use of his car for fifty-four days at ten dollars ($10) per day. On the trial he stated that he rented another car for fifty-four days at five dollars ($5) per day, which would amount to $270, and then he testified that he paid $400 for rent for a car for his wife to use in her job as a welfare worker. Being pressed under cross-examination, he finally stated that he paid $150 cash for the rent of another car but he did not produce the witness Smith, who lived at Hammond, to whom he claimed to have paid this amount, nor did he produce any testimony to show that the necessary repairs to the car required any particular number of days within which to be done. As regards the item for $150 general damage to the car, we find no evidence on which to base a judgment. As to this latter item, plaintiff claims that the doors and trunk of the car will not close and that the cardboard back of the upholstering is torn and he estimates this damage at $150. A litigant cannot be permitted to estimate damages in globo out of the pocket of his adversary. He must make his claim certain and support it by competent evidence. See 3 La.Dig., Verbo Evidence, Paragraph 351. This item too will be rejected.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower Court be amended by reducing the amount thereof from $432 to $282 and, as thus amended, that it be affirmed; costs of the appeal to be paid by the appellee and all other costs to be paid by appellant.