No. 2588.—A. Provosty, for the use, etc., *v.* Martin Carmouche.— Jules Levy, Third Opponent.

22　135
47　1403

A third opponent can not be permitted to aver the nullity of the judgment under which property has been seized, and at the same time claim the proceeds of the sale made under that judgment.

APPEAL from District Court, parish of Pointe Coupée. *Miller,* J. Thomas H. Hughes, for plaintiff and appellant. *Edward Phillips,* for defendant and appellee.

Howe, J. In this suit the plaintiff, on the thirteenth of December, 1865, recovered a judgment for $1070 91, and interest, upon a note

which had been given for the price of a slave. An execution was issued in December, 1869, and levied upon a tract of land, which was finally, on the seventh March, 1868, sold at twelve months' credit to one J. D. Vignes. On the fourth of March, prior to the sale, Narcisse Beauvais, as tutor, filed his opposition, averring that he had a mortgage prior to that of plaintiff, and prayed for an order that the sheriff retain the proceeds. On the sixth April, 1869, Jules Levy filed his opposition, averring himself to be a judgment creditor of Carmouche, and judicial mortgagee, and entitled to the proceeds of the sale, because:

*First*—The claim of Beauvais was prescribed; and,

*Second*—" The note on which the plaintiff, Provosty, obtained judgment was given for the purchase of slaves or persons, and is null and void, and can not be enforced by the courts of this State; and that, consequently, the contract for the sale of persons being null and void, the note given for the price was also null, as well as the judgment rendered thereon, and can not be enforced, and petitioner has the right to have the legal mortgage resulting from the same, and the registry of the same canceled and annulled, and to have said judgment erased from the mortgage book."

And thereupon he prayed that the plaintiff's judgment might be declared null and void, and erased from the mortgage book, and that the proceeds of sale be paid to him.

The plaintiff also pleaded prescription to the claim of Beauvais. The plea was maintained, and Beauvais has not appealed. As between the plaintiff and Levy, the parties in interest now before us, the court *a qua* decreed the claim and judgment of the plaintiff, Provosty, to be null and void, and directed the proceeds to be paid over to the opponent, Levy; and the plaintiff appealed.

The main question before us, and which is presented by the exceptions filed by plaintiff to the opposition of Levy, is this: Can the opponent, Levy, be permitted to aver the nullity of the plaintiff's judgment, and at the same time to claim the proceeds of a sale under that judgment? We think this question must be answered in the negative, for the reasons given in the case of Livaudais *v.* Livaudais. 3 An. 455.

It is therefore ordered that the judgment appealed from, except so far as it dismisses the claim of Beauvais, tutor, be avoided and reversed. It is further ordered that the opposition of Jules Levy be dismissed, with costs in both courts; reserving his rights, if any he have, to relief in some other form of action.