No. 268.—S. A. MARKHAM *v.* J. J. O'CONNOR, Sheriff, et als.

A judgment creditor who has caused a seizure of real estate. the ownership and possession of which is shown to be in a third party, can not be permitted to attack his title thereto in an injunction taken out by the owner to stay the sale, unless he allege that the title is simulated. The allegation of fraud, if made, would not authorize the attack of the title in this form of action.

If a creditor has intervened and made himself a party to the suit of the wife against her husband, he can not afterward and in another form of action attack the judgment rendered in favor of the wife.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *R. J. Looney*, for plaintiff and appellee. *Land & Taylor*, for defendants and appellants.

WYLY, J. The plaintiff, claiming the ownership and possession since 1861 of a certain lot of ground and improvements in the city of Shreveport, and claiming a prior mortgage on a certain other lot in said city, sued out an injunction restraining the sale of the one, and prayed that the proceeds of the sale of the other be paid over to her by virtue of the superiority of her mortgage thereon, the sheriff having seized said lots under an execution issued in the case of I. W. Arthur & Co. *v.* Martin Tally, on the docket of the district court, parish of Caddo. To this demand the defendants pleaded the general denial, and prayed for $250 special damages as attorney's fees.

The court gave judgment perpetuating the injunction as to the sale of one lot, and ordering the proceeds of the sale of the other to be paid over to the plaintiff.

The evidence shows that the plaintiff was in possession of the lot described in the petition by a title ostensibly valid.

No simulation is charged. It is well settled that such a possession and ownership can not be disregarded. The title of the plaintiff can not be attacked collaterally, even though fraud were alleged, which has not been. 9 M. 648; 1 N. S. 536; 5 N. S. 361, 634; 6 N. S. 139, 325; 2 L. 214; 3 L. 479; 9 L. 484; 11 R. 288; 1 An. 299; 3 An. 640; 7 R. 237; 14 L. 189; 2 An. 912; 12 An. 347.

As to the validity of the judgment of the plaintiff against her husband, from whom she was subsequently divorced, its validity can not be questioned by the defendants, I. W. Arthur & Co. They having intervened to oppose it, were parties and are concluded thereby.

As to the position that Henderson Markham, the husband of the plaintiff, did not own the lot at the time his wife acquired it in 1861, we will remark that the fact is judicially admitted in the petition of I. W. Arthur & Co. in the hypothecary action against Martin Tally, wherein they seek to enforce their mortgage against said property as judicial mortgage creditors of said Henderson Markham. This judicial admission is in the suit under which the sale of the property in dispute is sought, and is in evidence in this case.

The judgment of the plaintiff against her husband, under which she claims a prior mortgage on one of the lots, was duly recorded on the fourth day of March, 1865, in the parish where the property is situated. In it her tacit mortgage is recognized from the first day of January, 1851, for part of the amount decreed to be due her, and from the first day of November, 1860, for the balance. The registry was sufficient. Sec. 1, act No. 95, acts 1869. The mortgage of the defendants, I. W. Arthur & Co., took effect from its registry, January 24, 1861, and is inferior in rank to the mortgage of the plaintiff.

We see no error in the judgment

Judgment affirmed.

Rehearing refused