## No. 6604.

### JOHN BOUBEDE vs. JOHN O. AYMES. EXECUTORS OF McNEIL, THIRD OPPONENTS.

A party who judicially demands to be paid the proceeds of a sale, admits thereby the legality of that sale, and is estopped from impeaching it.

A third opposition is only permitted when the opponent is the owner of, or has a privilege on, the thing seized.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

*Hornor & Benedict* and *F. W. Baker*, for third opponents.

*F. D. Seghers* and *C. E. Schmidt*, for plaintiff and appellee.

The opinion of the court was delivered by

SPENCER, J. The material facts alleged by the third opponent, McNeil, are: That he held a mortgage note of Tabary for eleven hundred dollars; that he had foreclosed, *via executiva*, and realized by the sale only one hundred and thirty-five dollars of the debt; that pending these proceedings Tabary sold a certain other piece of property to his son-in-law, Aymes, and took notes secured by mortgage for the price; that McNeil proceeded *via ordinaria* and obtained judgment against Tabary for the balance due him, which judgment was, *after the sale* from Tabary to Aymes, recorded as a judicial mortgage. After getting this judgment McNeil instituted suit *en declaration de simulation* against Tabary and Aymes, to avoid the sale between them. Pending this action to annull, Boubede, as holder of the notes given by Aymes to Tabary, took executory process, and sold the mortgaged property to Mathé for fifteen hundred dollars, part cash and part on terms, to meet unmatured note. McNeil's executors intervened by third opposition, alleging the above state of facts, and reiterating the simulation of the original sale from Tabary to Aymes, and charging that the judicial sale, at the suit of Boubede vs. Aymes, was a fraudulent simulation to screen Tabary's property from his creditors, and averring that Tabary was in truth himself the owner of the notes proceeded upon by Boubede, who was the mere *alter ego* of Tabary. They pray that the sheriff be ordered to retain the proceeds of the sale

in his hands, and that McNeil be paid by preference over all others out of said proceeds the amount of his said judgment and judicial mortgage. The sheriff was ordered to hold the proceeds. The executors also took rule on Mathé, the purchaser, to compel him to pay over *in cash* to the sheriff *the whole* amount of his bid. Mathé in turn took a rule on the sheriff to compel him to make him a deed on the terms of the sale and adjudication. The opposition and the two rules were tried together. Boubede filed to the third opposition an exception that it disclosed no cause for intervening or for the relief asked.

The court sustained this exception, dismissed the opposition and rule of the executors of McNeil, and made absolute the rule of Mathé on the sheriff. The executors of McNeil appeal.

We think there was no error in this decree of the court below. By intervening and claiming to be paid by preference out of the proceeds of the judicial sale in Boubede vs. Aymes, the opponents certainly ratified and admitted the legality of that sale. See 3 An. 454; 22 An. 135; 23 An. 245.

As a further consequence, if it be admitted that the judicial sale in Boubede vs. Aymes was legal and valid, then the sale from Tabary to Aymes was also legal and valid, for this judicial sale was predicated upon notes given by Aymes to Tabary for the price. It does not lie in the mouth of McNeil to say that the sale from Tabary to Aymes was void when he is claiming the price of that sale, realized under execution sale in Boubede vs. Aymes. He is estopped from denying the reality and existence of either, and therefore shows no cause of privilege or preference on the proceeds, since his judicial mortgage never attached to the property.

But the opponents allege that in truth and fact Tabary was and is the owner of the notes sued upon by Boubede, and counsel ask with great earnestness in their brief if we "are prepared to say that Tabary can take out of the hands of the sheriff his money, while a judgment creditor, with an execution, stands by claiming it? That money, proved to be Tabary's, can not be seized in the hands of the sheriff, simply because a third person, proved to have no interest, claims it." We certainly would not undertake to maintain the affirmative of these questions. But, unfortunately, the opponents are not, in this case, in the attitude of "a creditor with an execution," or of one who has "seized in the hands of the sheriff" the funds of Tabary. If opponents had seized the funds, and were seeking to hold them, under the allegations that they belonged to their judgment debtor, Tabary, and that the pretended ownership thereof by Boubede was a fraud and simulation, the case would present a very different aspect. But they have not seized them. They have simply filed a third opposition. Now, this court well said in Livaudais

vs. Livaudais, 3 An. 454, that "a third opposition is allowed but in two cases; first, when the third opponent is the owner of the thing seized; second, where he has a privilege on it." C. P., arts. 397, 401. In the case at bar the opponents do not and can not pretend to be *owners* of the fund in the sheriff's hands, and we have seen that their judicial mortgage, recorded against Tabary after the sale by the latter to Aymes, did not attach to the property so sold, and the proceeds of which are in question in this suit. We see no other ground for claim of preference.

We see no error in the decision of the court below on the rules taken by opponents and Mathé.

It is therefore ordered, adjudged, and decreed that the judgments appealed from be affirmed, with costs in both courts.

---

## DISSENTING OPINION.

DeBlanc, J. In this case, to a third opposition filed by the executors of Alex. McNeil plaintiff opposes the exception that their pleadings disclose no cause of action. For the purposes of the trial of that exception the averments of opponents must be taken as true. What are they? Tabary is a debtor to the succession of McNeil; that succession has obtained a judgment against him; that judgment has been recorded; by that recordation that succession has acquired a judicial mortgage on Tabary's property.

Had he any property at the time the McNeil judgment was obtained and the McNeil mortgage acquired? He had. The property affected by that mortgage was, it is alleged, apparently transferred by Tabary to Aymes, and a note from Aymes to Tabary, representing the purchase price of that simulation, apparently transferred to Boubede, the chosen agent of Tabary. Though he held that note for Tabary, Boubede has caused Tabary's property to be seized and sold to satisfy a note belonging to Tabary. At that sale, Mathé, an innocent party, purchased that which, up to that date, had not ceased to be Tabary's property, and was then opposed by the McNeil mortgage.

Do the opponents claim the nullity of that sale and its proceeds? They do not. The sale from the sheriff to Mathé has alone divested Tabary's title to that property, and, by that sale, the only one recognized and ratified by opponents, the McNeil rights have been transferred from the property to the proceeds of the ratified sale, and, under the pleadings, the McNeil succession is entitled to these proceeds. Otherwise, they shall pass from the sheriff to Boubede, from Boubede to Tabary.

I do not think that the ratification of the sale from the sheriff to Mathé ratifies the sale from Tabary to Aymes and the transfer to Boubede.

Boubede vs. Aymes.

The sale to Mathé is a real contract; the other never had any legal existence. It was not the simulated note and the simulated mortgage enforced by Boubede which imparted to the sheriff's sale its undisputed validity; it was the owner's consent and the creditor's ratification. Tabary's mortgaged property has been sold by Tabary's agent, by his consent, under his instructions, and his creditor, the mortgagee, claims by preference the proceeds of that sale, and on opposition to whom? Tabary, his debtor.

It may be that there has been no fraud, no simulation, on the part of either Tabary, Aymes, or Boubede, but it is charged there was, and, though the charges may be unfounded, though, if investigated, they could not be verified, they stand admitted by the exception and during its trial. Taken collectively, they do disclose a cause of action, and, perhaps, the most appropriate action that could have been resorted to under the circumstances, to defeat the nearly realized effects of the alleged simulation.

For these reasons, and believing, as I do, that the judgment of the lower court should be reversed, and the exception dismissed, I respectfully dissent from the opinion read by Mr. Justice Spencer.