No. 6928.

MICHAEL DOWLING, CURATOR, VS. HYPOLITE GALLY.

One who sues for the nullity of a judicial sale, can not ask for the proceeds of the sale. The two demands are inconsistent, and mutually exclusive. In such a case the suit to annul will be dismissed.

The purchaser of property at a judicial sale, is a necessary party to a suit brought to annul the sale.

The only legal methods of arresting a sale under executory process, or the proceeds of such a sale, are by appeal, by injunction and bond, and, (in certain cases enumerated in articles 738-739 Code of Practice) by opposition and injunction *without* bond.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie, J.*

*T. A. Flanagan* and *E. W. Blake* for plaintiff and appellant.

*F. S. Goode* for defendant and appellee.

The opinion of the court was delivered by

MARR, J. Hypolite Gally having caused to be sold, under executory process, certain mortgaged property belonging to the succession of Villiers, Michael Dowling, curator of that succession, brought this suit to have the order of seizure and sale rescinded and annulled.

He alleges in his petition that a part of the mortgage debt had been extinguished by prescription; that Gally and Villiers were agricultural partners; that Gally was a factor and commission merchant, and as such is accountable to the succession for one half of the proceeds of sugar and molasses sold in 1874, 1875, 1876, aggregating $54,647 76, subject to deductions for advances and commissions; and that this accountability entitled the curator to set up a reconventional demand; that he was not able to arrest the sale by injunction; but he solemnly protested against it; that as curator he is entitled to the price of the adjudication, $10,500, to be accounted for in due course of administration; that Gally is not entitled, or if entitled not by privilege and preference over other creditors; and that the proceeds of sale are in the hands of the sheriff, retained by order of court on the intervention and third opposition of Blanc, in the suit of Gally, by executory process, the proceedings in which he makes part of his petition. He prays that similar order be repeated in this case; and that "he recover judgment to the effect that the order, fiat, decree, and judgment in the executory suit No. 1504 be annulled, avoided, and rescinded."

This petition seems to have been filed on the twenty-eighth of February, 1877; at any rate, the judge's order to the sheriff to retain the funds in his hands subject to the further order of the court, was granted on that day.

On the fourth of June, Gally excepted on the grounds:

First—That Thorn, the adjudicatee at the sheriff's sale, is a necessary party to a proceeding to annul the sale.

Second—That plaintiff has no cause of action; that he can not attack the proceedings which eventuated in the sale, and at the same time claim the proceeds of that sale.

The district judge maintained the exception, and by judgment of sixth June dismissed the suit. Plaintiff moved for a new trial, which was refused on the fifteenth June, and he took this appeal.

We do not find in the petition any special prayer for the proceeds of the sale; but the curator distinctly sets out and claims the right to receive and administer the fund; and his prayer for general relief would cover that claim. If he did not intend to claim the money, and to have it paid to him, he had no interest in it, and no right to interfere with the disposal of it. In no event was there any occasion for his prayer for an order requiring the sheriff to retain a fund which he did not claim; and the sheriff was actually retaining the money at that time, under the order of the court, at the instance of Blanc, who did claim it.

When the exception was taken, or at latest when it came up for trial, the curator should have declared that he did not claim the proceeds in that suit, and that he limited his demand to the annulling and

rescinding of the order of seizure and sale. On the seventh of June, the day after the judgment of the court dismissing his suit on the exceptions, he moved for a new trial; but he wholly failed to set up as a ground that the court had erred in construing his petition as a suit to annul the sale and at the same time to recover the proceeds. He simply alleged that "the judgment of this honorable court is contrary to law and evidence," without specification.

On the eighth of June, the day after this motion for a new trial was made, the curator took the rule in the suit by executory process, which we have just disposed of, in which he claimed the proceeds of sale in the hands of the sheriff. As he had not before taken any steps to connect himself in any way with that proceeding, we think this subsequent proceeding was a necessary abandonment of the demand for the annulling of the order of seizure and sale. The judge had dismissed the suit in nullity; and it pended simply on the motion for a new trial. The demand for the proceeds of the sale was wholly inconsistent with the demand in nullity; and as this inconsistent demand was set up two days after the judgment dismissing the suit in nullity, the only reasonable interpretation that can be put upon it is, that it expresses the final choice and election of the curator to claim the proceeds under his asserted legal right as curator and representative of the succession.

It seems too clear for question, that the adjudicatee at the sheriff's sale was a necessary party to the proceeding to annul the sale; and it is equally clear that the demand of nullity, and the claiming of the proceeds are wholly inconsistent, and can not be maintained, as we had occasion to decide in Boubede vs. Aymes, 29 An. 274, as our predecessors decided in 3 An. 454; 22 An. 135; 23 An. 245. If the petition in this case was really limited to the demand in nullity, that demand was completely antagonized, in the same court, in a judicial proceeding, in reference to the same subject matter, by the rule of eighth June; and the court would have done a vain thing in granting a new trial in the suit in nullity, which would necessarily have been dismissed on exception setting out the subsequent inconsistent demand for the proceeds.

Where the creditor proceeds *via executiva*, if the debtor have no other defense or objection than the want of sufficient authentic evidence the remedy is by appeal. If other causes exist, constituting grounds of defense which an appeal from the order of seizure and sale would not reach, the debtor must resort either to an ordinary injunction, and give bond and security; or to opposition and injunction without security, in the cases provided in the Code of Practice, articles 738, 739. One of the causes for which injunction without security may be granted is the extinction of the mortgage debt by novation, or in some other legal manner; another is that the debtor has a liquidated account to plead in compensation; and another is that the debt is barred by prescription.

Dowling vs. Gally.

No defect in the evidence on which the order was granted has been suggested; and the curator had no other remedy than either by ordinary injunction for causes not specified in article 739 of the Code of Practice, or by opposition and injunction as provided in articles 738, 739, for any of the causes specified in article 739. If he had any serious defense, either because the debt or any part of it was prescribed, or because the whole or any part of it was extinguished by compensation, or in some other legal manner, as by payment for example, it was his duty to have set up these defenses, and to have arrested the sale by injunction, which would have been granted without security, and would have been tried summarily. If he had other good causes of objection and defense, which would authorize an injunction against a judgment or the execution of a judgment rendered *via ordinaria*, it was equally his duty to have set them up, and to have arrested the sale by injunction, which would have been granted on proper bond. Surely there was ample time between the granting of the order of seizure and sale, on the sixteenth of December, and the actual sale, seventeenth February, for the curator to have ascertained whether there existed any just causes of defense, and to have set them up in the appropriate form. The protest of the curator at the sale was more than useless, since it could have had no other effect than to deter bidders, and thus prevent competition, to the prejudice of the succession.

A casual glance at the notes and mortgage shows that interest had been paid, and the payments extended, so that, apparently, not one of them was presented, at the time the proceeding *via executiva* commenced. This is wholly immaterial; but it is agreeable to us to feel assured that no wrong will be done to the curator or to the succession by the decree which we are about to render.

A judgment is not null, nor can it be avoided or annulled, simply because the debtor may have had good defenses, which he had ample opportunity to urge, and which he has failed to set up. The most careful perusal of the petition in this case has failed to disclose any cause of action, or right in the curator to demand the annulling and rescinding of the order of seizure and sale; and if all the allegations of the petition were true, they would simply constitute defenses, which ought to have been set up, which there was ample time and opportunity for the curator to have set up, either by opposition and injunction under articles 738, 739 of the Code of Practice, or by ordinary injunction, as the nature of the defense might have required.

· Under the pleadings in this case the dismissing of the suit was inevitable, without regard to the truth and reality of the alleged causes of complaint; and the curator has no one to blame but himself if he has failed to make good defenses which might have been available.

The judgment appealed from is therefore affirmed with costs.