No. 9398.

DENIS J. CAMPBELL, ADMINISTRATOR ET AL. VS. JOSEPH B. WOOLFOLK ET ALS.

When a suit is brought in the district court to annul a decree of partition rendered by a parish court, and to enjoin a sale ordered thereby, and when the district court not only dismisses the suit on exceptions, but, at the prayer of defendant, renders an affirmative decree ordering the sale to proceed pursuant to the decree of the parish court, and such judgment is, on appeal, affirmed in this Court, it has the effect of *res judicata*, between the parties and their privies, as to the validity of the judicial power ordering the sale.

One who has intervened in a judicial proceeding and claimed to regulate the distribution of the proceeds of a sale ordered therein, cannot afterwards attack the sale itself for nullity.

The titles of defendants resting upon adjudications under a judicial partition sale, the validity and judicial character of which cannot now be questioned, they hold the property disincumbered of judicial mortgages attaching to the interests of individual owners in indivision, and said mortgages were transferred to the proceeds of sale.

Campbell vs. Woolfolk et als.

APPEAL from the Seventeenth District Court Parish of East Baton Rouge. *Sherburne*, J.

*David N. Barrow* and *J. O. Nixon, Jr.*, for Plaintiffs and Appellants.

*Samuel Matthews* and *Merrick, Foster & Merrick* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J.  The plaintiffs are the administrator and heirs of Zenon and Elise Labauve, in which capacities they hold certain judgments recovered before the war against Mrs. Emily Woolfolk, the widow, and Joseph B. Woolfolk, one of the heirs of Austin Woolfolk, and which were recorded as judicial mortgages against the interests of said judgment debtors in the succession of Austin Woolfolk, consisting of valuable immovable property.

They bring this hypothecary action against defendants, as third possessors of said property, in order to subject the same to their judicial mortgages.

The defendants are owners under a title derived from adjudications made at a public judicial sale in execution of a decree of partition rendered by the late parish court of Iberville parish, in a suit for the partition of the estate of Austin Woolfolk, between his widow and heirs, entitled Sarah and Austin Woolfolk et al. vs. Emily Woolfolk.

It is clear enough that, if the judicial partition and sale above referred to, were regular and valid, the property passed to defendants disincumbered from the judicial mortgages which were transferred to the proceeds, or to the shares falling to the debtor co-parceners.  12 Rob. 450; 9 Ann. 212; 12 Ann. 236; 35 Ann. 527.

Plaintiffs, however, contend that, as a judicial partition, the proceeding was an absolute nullity by reason of the want of jurisdiction *ratione materiæ* of the parish court.

To this contention, defendants oppose pleas of *res judicata* and estoppel.  *Res judicata* is based upon the decision of this Court in the case of Elise Labauve vs. Mrs. Emily Woolfolk et al. reported in 26th Ann. 440.

That was a suit brought in the district court by Mrs. Elise Labauve, the ancestress of plaintiffs, as holder of the very judgments herein presented, to enjoin the sale under the decree of partition of the parish court, and to have declared the nullity of said decree upon the very ground, among others, of the want of jurisdiction of said court. The defendants in that case opposed various exceptions and filed a

prayer in the nature of a reconvention, for a specific decree, not only dismissing the demand, but affirmatively ordering "the auctioneer to proceed to sell the property enjoined by these proceedings as ordered by the parish court in suit No. 113."

After due trial, judgment was rendered by the district court maintaining the exceptions, dismissing the suit, and further decreeing "that James L. Barker, auctioneer, proceed to sell the property enjoined by this suit, pursuant to the decree of partition rendered by the parish court for Iberville parish, on the 10th day of September, 1869, in suit No. 113 of the parish court docket, and pursuant to the commission to him addressed and in his hands."

Considering the nature of the exceptions, had the judgment contented itself with maintaining them and dismissing the suit, the claim of *res judicata* as to the validity of the decree and sale might have had little force; but unless we are to treat the concluding portion of the decree as mere surplusage, which is impossible, we are bound to regard it as a distinct recognition of the authority of the parish court to order the sale and as adding thereto the affirmative direction and authority of the district court itself. However erroneous the decree, it was within the jurisdiction of the court, and purchasers at the sale so ordered had the right to regard themselves as purchasers at a *judicial* sale recognized and directed as such, not only by the parish, but by the district court, and, as we shall see, subsequently by this Court.

On appeal to this Court, the judgment was affirmed without qualification, the effect of which was to make the judgment as much that of this tribunal, "as if it had been copied into the formal decree affirming that of the court below." Plicquett vs. Plicquett, 19 La. 325; Frescott vs. Lewis, 12 Ann. 197.

Although the opinion of this Court (26 Ann. 440) confines itself to the discussion of the exceptions, our attention is called to a very vigorous application for a rehearing, in which the counsel for Mrs. Labauve exhibited a very clear appreciation of the effect of the decree as rendered and earnestly pressed the Court to make such modification thereof as would prevent her from being concluded as to validity of the judicial sale ordered by the parish court. But the rehearing was refused.

But Mrs. Labauve displayed a yet more conclusive acceptance of this effect of the decree, in her subsequent proceedings which create an estoppel against plaintiffs as fatal to their present action as the *res judicata* itself. Immediately after the decree of this Court had become

Campbell vs, Woolfolk et als.

final, she herself intervened in the partition suit, by way of third opposi-tion, setting up her rights as judicial mortgage creditor, claiming to reg-ulate the distribution of the proceeds of sale and to have the amounts coming to her debtor applied to the payment of her judgments.

This opposition remained pending until some time after the sale and the adjudications upon which rest the title of the present defendants.

The authorities are uniform and numerous, holding that one cannot judicially claim the proceeds of a judicial sale and afterwards attack the sale for nullity. Factors' Ins. Co. vs. DeBlanc, 31 Ann. 103; Dowberry vs. Gally, 30 Ann. 330; Boubede vs. Aymes, 29 Ann. 274; Markham vs. O'Connor, 23 Ann. 688; 22 Ann. 135; 3 Ann. 454; 31 Ann. 719; 26 Ann. 711.

We fail to see how the voluntary discontinuance by Mrs. Labauve of her said intervention after the sale, can defeat the rights of the pur-chasers, which are governed by the conditions existing at the date of the sale, and cannot be affected by subsequent shifting of position by parties.

We are satisfied the pleas of *res judicata* and estoppel resting on the above grounds, are conclusive against the present action of plaintiffs who are the heirs and *ayants cause* of Mrs. Labauve.

We have considered the case of Woolfolk vs. Woolfolk, decided by this Court and reported in 30 Ann. 139, in which the court, in its ori-ginal opinion, held that the parish court was without jurisdiction to render the very partition decree involved herein; but in the final decree on rehearing, the judgment to that effect first rendered by the court, was revoked and set aside, and a simple decree of non-suit was substituted. Of course, this robs the case of all effect as *res judicata*. Nevertheless we do not even intimate that the conclusion reached on the question of law, was erroneous. We do not now decide that the parish court *had* jurisdiction, we only say that plaintiffs are precluded from setting up such want of jurisdiction by the effect of the thing adjudged.

The *res judicata* now upheld by us does not seem to have been raised or considered by the court in the 30th Annual case. Had it been, no doubt it would have been upheld then as now; just as, in its absence, we should have probably reached the same conclusion on the question of jurisdiction as was then announced by the court. At all events, the decree as finally announced, was one of *non suit* and plays no part in this case.

Judgment affirmed.

Rehearing refused,