## SUCCESSION OF SOLIS

(January 21, 1929. Opinion and Decree.)

Morris B. Redmann, of New Orleans, attorney for Widow of Oliver Solis, administratrix.

Oliver S. Livaudais, of New Orleans, attorney for Evorist Solis et al., opponent.

STATEMENT OF THE CASE.

GLEASON, Judge ad hoc. Oliver Solis died in the Parish of Plaquemines; his succession was duly opened and his widow qualified as administratrix. He left a separate estate and a community estate.

The separate estate consisted of immovable property and of certain movable property constituting stock in trade of a business which he owned at the time of marriage and which existed in substance at the time of death.

The community consisted of movable property.

A provisional account was filed by the administratrix, wherein she attempted to charge against the immovables of the separate estate of decedent the cost of the funeral, amounting to $281.00, as a debt chargeable against the separate estate of decedent, and in which she charged the cost of administration on an arbitrary pro rata basis.

The brother and sister of decedent, who inherited his separate estate, filed an opposition to the said account, in which they opposed the proration of the costs of administration, the charging of the funeral bill against the separate estate, and in which they prayed for an increase of the community by the allowance of $1124.00 as representing the amount of separate paraphernal property existing in kind at the time of decease.

There was judgment homologating the account so far as not opposed, and also a judgment finally homologating the account by adding to the total assets of the separate property of the deceased the general merchandise store shown to belong to said estate and which appears in the inventory herein filed at the sum of $1124.00, and by striking out that part of the said account wherein it attempts to charge the funeral bill of E. J. Mothe, undertaker and embalmer, for the $281.00 representing the funeral bill, as the separate debt of the deceased.

From this judgment, the administratrix appealed. Opponents did not appeal, but on December 12, 1928, they filed an answer to the appeal, wherein they pray that the judgment be amended by striking out from said account the charge against the separate estate of $225.00 representing alleged repairs made to the separate estate at the expense of the community.

## OPINION.

The facts in this matter are all admitted. It has been decided too frequently and so much in consonance with the law of community rights that the charge for the funeral is a debt of the estate of decedent and not an obligation of the community, that we are disinclined to review the authorities thereon. This does not mean, however, that the obligation is chargeable against the separate estate of decedent as contra-distinguished from the property that might accrue to him from his net interest in the community.

The Succession of Pizzati, 141 La., page 645, 75 So. 498, when it refers to the amount being chargeable against the husband's half of the community property, meant only to express its conclusion that it was not a charge against the community and did not intend to decide that the separate estate of the husband was not chargeable with any portion of its cost.

The law is that this debt, being a debt of the husband, is chargeable against his entire estate, irrespective of whether separate or community, and the only question for decision is whether it is chargeable against the immovables or movables, and, if chargeable against the latter, in what proportion must the charge be made if the movables are inherited by separate heirs. That it is chargeable against the movables first is codal law, Articles 3254, 3275, Civil Code, and their application to cases similar to the one at bar has been the source of many adjudications. It is clear, therefore, that the immovables belonging to the separate estate are not chargeable with any part of the funeral cost, because of the fact that the aggregate of the movables not

charged with any special privileges are sufficient to more than pay the charge.

Inasmuch, however, as some of the movables belong to the separate estate and some of the movables belong to what was formerly the community existing between the decedent and his surviving spouse, the question arises as to the proper allocation to be made between the contributions of those respective funds.

If the entire movables were inherited by the same parties, it would make no difference whatever, but it so happens in this case that the $1124.00 of movables constituting the separate property of decedent goes to his brother and sister as heirs, whereas the net amount of $2243.85 accruing from his interest in the community goes to his wife as heir of this particular property.

We are aware of no provision specifically determining the method of allocation in cases of this kind, and the reason therefor is no doubt the fact that the provision that the wife shall be the heir of the undisposed of portion of the decedent's community interest was incorporated into the Code by amendment, and the necessity for making provision for such a contingency specifically was overlooked by the Legislature. We must, therefore, have recourse to Article 21 of the Revised Civil Code, and apply the rule of equity, which can mean only that this debt must be paid by the movables of the separate estate and the movables accruing from his interest in the community estate in the proportion which each of them bear to the aggregate of both.

In other words, the total movables, both separate and accruing from the community, are $3367.85. The total movables accruing from the community are $2243.85, and the total movables accruing from the sepa-

rate estate are $1124.00, so that the community bears 224385/336785 and the separate estate 112400/336785; or substantially in the proportion of two-thirds and one-third.

This is arrived at in the following manner:

Total movables set forth in the inventory as belonging to the community, supplemented by the sum of $225.00 improvements to the separate estate, or a total of $5878.68; from which must be deducted the sum of $1124.00, which the judgment allows as the separate property of decedent, and the sums of $135.65 and $131.32 charged on the account and allowed as proper charges against the community, leaving the net value of the movables of the community $4487.71, of which the husband's interest, one-half, amounts to $2243.85.

The judgment of the District Court is, therefore, erroneous in excluding the total of the funeral bill as a charge against separate estate, and should be amended by apportioning it in accordance with the foregoing.

On the trial of the oppositions, the following admission was made in an agreed statement of facts:

"It is admitted that prior to and at the time the deceased, Oliver Solis, was married to his surviving widow, now administratrix of this estate, he owned and operated a general merchandise store, which he continued to own and operate up to the time of his death, which store contained approximately the same value of stock as shown and appraised in the inventory of this estate, etc., at the sum of $1124.66."

This document appears to us to be an unequivocal admission that this property is the separate property of decedent accruing to his heirs at law, the brother and sister, and, as the presumption that property

**112**

found in the community estate is community property always yields to proof to the contrary, this proof is all that is required. The judgment, insofar as it allows said sum to the separate estate of the decedent, is correct.

Appellee filed an answer to the appeal on December 12, 1928. The case was fixed for and argument was had on the day following. Objection was made that the answer came too late, because, under the provisions of Article 890 of the Code of Practice, an answer to an appeal must be filed at least three days before the date of argument. The contention is made by appellee that, by the amendment of Act 103 of 1908, the answer may be filed at any time within three days of the actual sittings of the Court. Unlike the Courts of Appeal of the First and Second Circuits, this Court sits only in the Parish of Orleans, and its sittings are fixed by the Constitution, Article 7, Section 76, page 59, as beginning not later than the first Monday in October and ending not later than the 30th day of June in the year following.

In view of the foregoing, this proviso can have no application to this Court, except perhaps insofar as the case is fixed within the first three days of the sittings beginning in October are concerned, but, under any circumstances, it cannot possibly apply to the case at bar. The answer can, therefore, receive no consideration at our hands.

It is, therefore, ordered, adjudged and decreed that the judgment homologating the provisional account of the administratrix be amended by pro-rating the charge of $281.00 funeral expense against the movables of the separate and community estate in accordance with the foregoing opinion, and that the judgment be otherwise affirmed, costs of appeal to be paid by appellee.