### WOMACK v. McCOOK BROS. FUNERAL HOME et al.

#### No. 5970.

Court of Appeal of Louisiana. Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Writ of Certiorari Granted Oct. 30, 1939.

Judgment of Court of Appeal Affirmed by Supreme Court Jan. 9, 1940.

See 193 So. 652.

Julius T. Long, of Shreveport, for appellant.

J. D. Rusca and Arthur C. Watson, both of Natchitoches, for appellees.

TALIAFERRO, Judge.

William Wiley Womack, husband of the plaintiff, died in a Shreveport, Louisiana, hospital on December 12, 1931, intestate. He was then a resident of Natchitoches Parish and owned therein a tract of land containing fifty acres on which he and plaintiff lived. It was an asset of the community of acquets and gains existing between them.

To provide the deceased with decent funeral and interment, his body was turned over to McCook Bros. Funeral Home, Inc. (hereinafter referred to as the funeral home), undertakers, in the City of Shreveport, and therefor an expense bill of $225.-50 was incurred. There is some disagreement as to whether plaintiff personally authorized the incurring of this expense. She denies having done so. We do not think it material in the final analysis to a correct decision of the case. It is true, however, that many statements of the account and letters asking for its payment were mailed to plaintiff, which were all ignored.

On January 14, 1933, J. L. McCook, a resident of the City of Shreveport and president of the funeral home, filed petition in the district court of Natchitoches Parish, praying to be appointed administrator of the succession of the decedent, wherein it is alleged: That the services of his company were engaged by plaintiff to prepare the body of her dead husband for burial and to otherwise do and perform all acts needful thereto, and that she selected the casket and box in which the body was interred; that as a creditor of said succession, he averred that it was necessary that the same be opened and administered in "order that the debts" thereof might be paid. Pursuant to this petition and prayer therefor, an order was signed by the chief deputy clerk

of court, directing that an inventory be taken and appraisement made of "all the property belonging to the estate of W. W. Womack, deceased", by two competent appraisers. An attorney was appointed to represent absent heirs.

The only property listed and appraised as belonging to the succession was the fifty acre tract above mentioned. It was appraised at $400 by two persons well competent to fix the value thereof. No opposition was made to McCook's application to be appointed administrator of the succession. He was in due course appointed. He subscribed the proper oath and gave bond as required by the court. Letters of administration issued to him.

On March 29, 1933, the administrator petitioned the court for authority to sell the succession property, in order to pay its debts. The petition states that since the succession property has a value of less than Five Hundred Dollars, that the sale thereof should be made after only two weeks advertisement, as is provided by Act No. 70 of 1906, governing the administration of small successions. The matter was submitted to the court for its action. The court concurred in the suggestion, and ordered that the property be sold as prayed for, for cash, subject to appraisement, "and pursuant to the provisions of Act No. 70 of 1906". At the administrator's sale the property brought only $267.00, being two-thirds of its appraised value. It was bought in by the funeral home.

On May 15, 1933, the administrator filed his final account and tableau of distribution of the price of the sale. No other fund came into his hands.

In addition to the costs of administration, there is listed on the account for payment in full, deferred taxes due on the land for the year 1930 and all taxes due thereon for the year 1932, a total of $36.43. There remained $192.07 to be applied on the funeral home's account.

Plaintiff herein opposed the final account, alleging that she should have been placed thereon as a privilege creditor, being the widow of the deceased in necessitous circumstances. She alleged that for said reasons she is "entitled to be paid the residue of this estate". She further opposed the account on the grounds that the costs of administration were in excess of those allowed by law; that the succession being insolvent, the funeral expenses should be reduced to meet legal requirements. There was no trial of the final account while this opposition pended. The opposition was formally withdrawn on motion of the opponent's counsel on April 10, 1937. Thereafter the account was approved and promulgated and distribution of the funds as proposed, was authorized by the court. The administrator was discharged and his bond canceled.

On July 20, 1936, the funeral home sold said land to Mrs. Florence Evans, wife of E. T. Evans.

The present suit was instituted on July 26, 1937, Mrs. Evans and her husband, the funeral home and J. L. McCook, individually and as administrator, were made defendants.

Plaintiff seeks to have the sale of the succession property set aside to the extent of her community one-half interest therein, and to be decreed the owner of such interest, on various grounds of alleged nullity. Summarized, these are as follows:

1. That she was not mentioned in the succession proceedings as owner of one-half interest in the land, nor was she cited or summoned or made a party thereto prior to the administrator's sale.

2. That untrue representations were made to the court to procure the appointment of the administrator, in that he alleged that she selected the casket in which the deceased was buried and gave orders concerning the funeral.

3. That the property should have been advertised for thirty days instead of two weeks, as was done.

4. That Act No. 70 of 1906 was not complied with in that no description of the property nor value thereof was incorporated in the petition praying for the appointment of an administrator; that the petition was not personally sworn to by the applicant; that no order was issued or signed by the district judge or clerk of the court, directing that notice be given of the application to be appointed administrator and of the description and valuation of the succession property, as is required in said act, and that no such notice was in fact given.

5. That the appraisement of the property was null and void because the persons who acted as appraisers were not named in the order of court.

6. That the administrator's oath of office was ineffective because taken before a notary public who was also attorney for the administrator.

7. That deceased owed no debts justifying the judicial administration of his property.

8. That plaintiff, the surviving widow, was not and is not personally liable for the funeral expenses, these being chargeable only against the decedent's one-half of the community property.

9. That the only indebtedness which prompted McCook to open and administer the succession and sell its property was that due his firm.

Mr. and Mrs. Evans filed a plea of prescription of two years against the attack made on the administrator's deed. This plea is based upon Art. 3543 of the Civil Code as amended by Act No. 231 of 1932.

All defendants excepted to the petition as disclosing neither a cause or a right of action.

Mr. and Mrs. Evans also filed a plea of estoppel. It is based upon the allegations made by plaintiff in her opposition to the administrator's final account.

All pleas and exceptions were fixed for trial to be had on same date that the case is tried on its merits.

Answering, all defendants deny each and every allegation of the petition and the legal conclusions drawn from the facts therein contained, which are set up as a basis or reason for the alleged nullity of the administrator's deed and the steps judicially taken precedent to or following his appointment.

It is specifically averred that said administrator's deed is legal and valid; that the property of the succession was sold to discharge community obligations for which it stood pledged to pay; and if there were present any irregularities in said proceedings, they are relative and are cured by the prescription of two years invoked herein.

Mrs. Evans further pleaded that she purchased the land from the funeral home in good faith, after consulting counsel as to the validity of the title offered her, and relied upon the court proceedings, especially the order of sale, in the succession to protect her in the investment. She reiterates and reurges the plea of estoppel previously filed. She called the funeral home in warranty. The call was answered.

The answers of the defendants contain an elaborate array of allegations, not summarized above, which, in view of the conclusion reached by us on the merits of the case, need not be epitomed or discussed.

The case was tried upon the issues tendered by the pleadings above mentioned. Before rendition of judgment, however, plaintiff filed an application to reopen the case, which, over all defendants' objections, was allowed. Plaintiff thereafter tendered a lengthy supplemental petition which, also over defendant's objections, was allowed filed. It was answered. Its main purpose was to have the court order a partition of the land in kind in event plaintiff should succeed in her suit.

Prior to rendition of judgment, the parties all signed and filed in the record an agreement which eliminated from consideration all issues in the case, excepting plaintiff's alleged right to recover the interest in the land sued for and method of partition thereof in event of recovery.

The lower court sustained the plea of prescription of two years and plaintiff prosecutes appeal.

When J. L. McCook applied to be appointed administrator of the Womack Succession there was an uncanceled mortgage against the land in question, which had been previously paid. This fact was unknown to McCook and his counsel. The existence of this uncanceled mortgage, thought to be a community liability, the unpaid delinquent taxes and the non-payment of the funeral home's account, motivated the opening of the succession and the ultimate sale of its property.

■ The value of the property, until after its appraisement, was unknown to McCook or his counsel. Therefore, the proceedings were conducted under the general law applicable to all successions. We find that this law was well observed up to the time the order of sale issued. If there were any irregularities prior to that time, they were of a relative character—mere informalities. Into this class fall all of the various charges of nullity made by plaintiff, excepting the one to the effect that her interest in the community property was not responsible for, nor should it have been sold to pay any of the indebtedness discharged from the proceeds of the sale.

Plaintiff's theory is, as nearly all the charges against the sale clearly indicate, that the entire succession proceedings were intended to be conducted under Act No. 70 of 1906. This is untrue.

■ It is true, as contended, that under the general law governing the administration of successions, the immovables

thereof should be sold only after thirty days' prior advertisement. It may be that after resorting to the general law in such a case, it should be followed throughout the proceedings, and, hence, the immovables sold after thirty days' and not after only two weeks' advertisement, as was done in this instance for the obvious purpose of economy. But this irregularity, if it be considered such, in view of the facts and the court's order, is also an informality curable by the lapse of two years. No injury to anyone is shown or alleged to have resulted from the abbreviated advertisement.

Art. 3543 of the Civil Code, as amended by Act No. 231 of 1932, provides:

"Any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making such sale."

The prescriptive period of said article was originally five years, but out of a solicitude by the Legislature to encourage confidence in sales therein named, and to lessen the time in which such sales could be attacked, the amendatory act was adopted.

It has been held that failure to make a succession sale at the proper place, and sale of its realty at less than two-thirds of its appraised value, were informalities, cured by the prescription of five years. Arceneaux v. Cormier et al., 175 La. 941, 144 So. 722; Munholland v. Scott, 33 La. Ann. 1043; Webb v. Keller, 39 La.Ann. 55, 56, 1 So. 423.

■ The fact that the property was advertised in a local paper thereafter declared by the supreme court not to be a "newspaper", in legal contemplation, is cured after two years; such, it was held, is only an informality. Ernest Realty Co. v. Hunter Co., Inc., 189 La. 379, 179 So. 460.

In Louaillier v. Castille, Adm'x, 14 La. Ann. 777, the court went so far as to hold that an administrator's sale made without any advertisement whatever, was beyond attack for that cause under Art. 3543 of the Civil Code, after the lapse of five years. This case is cited with ap-

proval in: Ernest Realty Co. v. Hunter Co., Inc., supra; Arceneaux v. Cormier, supra; Phœnix Bldg. & Homestead Ass'n v. Meraux, 189 La. 819, 825, 180 So. 648; and in many other cases decided by the supreme court.

We, therefore, are of the opinion that the plea of prescription of two years was properly sustained by the lower court as against all points of attack made against the succession proceedings and the administrator's deed thereunder, excepting plaintiff's contention that the sale of her interest was an absolute nullity because not liable for any part or portion of the debts for which sold. Rejection of this contention will have to be predicated upon another legal principle.

The plea of estoppel is seriously urged and opposed in this court. We have reached the conclusion that the sale of plaintiff's interest in the community property was perfectly legal and valid, and for this reason a decision on this plea is unnecessary.

■ It has been held that, as funeral and burial expenses of a deceased spouse are liabilities contracted after death and after dissolution of the community, the survivor's interest in the community property is not liable for such expenses. Succession of Pizzati, 141 La. 645, 678, 75 So. 498; Succession of Solis, 10 La.App. 109, 119 So. 768; Home Owners' Loan Corp. v. Succ'n of Brooks, La.App., 180 So. 170.

It follows therefrom that such survivor's interest may not be legally sold to pay debts of the character named.

■■ But in the present case this rule has no application as there were unpaid debts—taxes—which operated a lien against the land in its entirety, for which it had to be sold to pay. The land was sold to pay the debts of the succession, and since there were debts thereof for which all the land could be sold to pay, it was regular and legal to sell the same to pay such debts. Thereafter plaintiff was relegated to the proceeds of sale to assert any claim she presumed to have therein. It was then her duty to see that the price of adjudication of her one-half interest in the property was not charged with any indebtedness for which it was not liable. A following up of the proceeds devolved upon her. At best, she had only a residuary right to one-half of the fund, subject to proper charges against it. Such a right, however,

does not carry with it the correlative right to attack the sale from which the right is derived simply because her part of the proceeds may have been diverted to the payment of debts not chargeable against it.

For the reasons herein assigned, the judgment appealed from is affirmed with costs.