**WILLIAMS v. BROCATO.**

No. 6063.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1940.

James T. Jeter, of Shreveport, for appellant.

John F. Phillips, of Shreveport, for appellee.

DREW, Judge.

Plaintiff, Oliver Williams, Jr., brought this action naming John Brocato defendant, seeking to annul a public sale under a partition by licitation and to have plaintiff declared the owner of lot No. 59 of the Weinstock Subdivision of the City of Shreveport, Caddo Parish, Louisiana. The basis of this suit is a warranty deed executed by Rosa K. Blunson in which she sold her right in the said lot to the plaintiff on the 20th day of February, 1939.

The defendant filed a plea of estoppel setting forth the following facts:

On March 16, 1939, Oliver Williams, Jr., asked for a rule to show cause why he should not collect one-half the proceeds of the sale in the partition by licitation in suit No. 75,416, entitled John Brocato v. Rosa K. Blunson, in the First Judicial District Court for the Parish of Caddo; and further states that on the trial of said rule judgment was granted in accordance with its prayer, and that Oliver Williams, Jr., thereafter collected one-half of the proceeds derived from the sale of said property.

These facts, together with numerous others set forth in the plea of estoppel filed by the defendant, were admitted to be true by the plaintiff for purposes of trial on the plea of estoppel.

The sale to the plaintiff, Williams, was made almost one month prior to the sale of the property under partition proceedings. The plaintiff in the present case came into court and judicially demanded his pro rata share of the proceeds of the sale under the partition. It has long been held by the courts of this state that one cannot claim, judicially, the proceeds of a sale and afterwards attack that sale for nullity. The demand for the proceeds is the judicial admission of the legality

68

of the sale and the declaration which one makes in a judicial proceeding is full proof against him. Boubede v. Aymes, 29 La. Ann. 274, 275; Factors' & Traders' Insurance Company v. De Blanc, 31 La.Ann. 100; Campbell v. Woolfolk, 37 La.Ann. 320; Farley v. Frost-Johnson Lumber Company, 133 La. 497, 63 So. 122, L.R.A. 1915A, 200, Ann.Cas.1915C, 717.

There is no allegation that the plaintiff was in any error as to.the facts upon which the suit for partition was based. We are of the opinion that our learned brother of the lower court was correct in sustaining the plea of estoppel.

In this court the defendant filed an answer to this appeal asking $150 damages for frivolous appeal. The appeal taken by plaintiff was devolutive in its nature. Counsel for appellant briefed his case and apparently did all that might be expected of a conscientious attorney in attempting to reach an early disposal of the matter. Both in this court and in the lower court he appears to have co-operated in every way that might have been expected with counsel for defendant. He appears to have been in absolute good faith as to the possible merits of his appeal. Damages in such a situation will not be awarded as it does not appear that the appeal was frivolous. Kirsch v. Broas, La.App., 170 So. 554.

The judgment of the lower court is affirmed, with costs.