193 So. 652

**WOMACK v. McCOOK BROS. FUNERAL HOME, Inc., et al.**

**No. 35524.**

Jan. 9, 1940.

Rehearing Denied Feb. 5, 1940.

Julius T. Long, of Shreveport, for relator.

J. D. Rusca, of Natchitoches, for respondents.

Arthur C. Watson, of Natchitoches, for defendants and respondents Mrs. Florence Evans and E. T. Evans.

FOURNET, Justice.

This is a suit by the surviving widow to recover her half interest in community property sold by the administrator of her husband's succession to one of the defendants, McCook Brothers Funeral Home, Inc., which company, in turn, transferred the property to the defendant Mrs. Florence Evans.

For cause of action plaintiff, in addition to alleging specific irregularities in the succession proceedings, alleged that the only debt owed by the succession of her late husband was that due to the McCook Brothers Funeral Home, Inc., for his funeral expenses; that the property was adjudicated to the funeral home at the succession sale by the administrator, J. L. McCook, who is also the president and manager of the purchaser; and that she was never cited or made a party to the proceedings.

Defendants excepted to plaintiff's petition as disclosing neither a cause nor a right of action. A plea of estoppel was also filed by defendants Mr. E. T. Evans and Mrs. Florence Evans. With reservation of their respective rights under the exceptions of no cause and no right of action and the plea of estoppel, defendants answered denying the allegations of plaintiff's petition and averring that the property was sold to pay community debts, that the irregularities complained of by plaintiff are relative only and cured by the prescription of two years,

which was specially pleaded. The defendant Mrs. Evans also pleaded that she purchased the property in good faith relying upon the public records and "particularly * * * on the order of the Court * * * ordering the said property to be sold at public sale pursuant to the provisions of Act No. 70 of 1906." Finally she reiterated and reurged her plea of estoppel previously filed and called her vendor in warranty. The call was answered.

The trial judge maintained the plea of prescription and dismissed plaintiff's suit. On appeal the Court of Appeal, Second Circuit, maintained defendant's plea of prescription as to all points of attack made against the succession proceedings and the administrator's deed thereunder, except as to plaintiff's contention that the sale of her interest in the community property was an absolute nullity because the debt for which it was sold was not a community debt. Its rejection of the latter contention was predicated on the ground that inasmuch as taxes were due on the property, the land was sold to pay the debts of the succession. Womack v. McCook Brothers Funeral Home, Inc., et al., No. 5970, 192 So. 756.

We granted a writ of certiorari and review in this case on the showing by the plaintiff in her application therefor that her interest in the community property was sold at an administrator's sale to pay the debts of her late husband's succession, which debts consisted only of his funeral expenses and taxes on the property for the year 1930, amounting to approximately $35, without her having been made a party to the proceedings or any notice thereof having been given her.

The Court of Appeal, citing Succession of Pizzati, 141 La. 645, 75 So. 498; Succession of Solis, 10 La.App. 109, 119 So. 768; Home Owners' Loan Corporation v. Succession of Brooks, La.App., 180 So. 170, recognized that under our jurisprudence the survivor's interest in community property cannot be sold to pay the funeral expenses of the other spouse, but erroneously concluded that there were unpaid taxes "* * * which operated a lien against the land in its entirety, for which it had to be sold to pay. The land was sold to pay the debts of the succession; and since there were debts thereof for which all the land could be sold to pay, it was regular and legal to sell the same to pay such debts. * * *" [192 So. 760.]

"Taxes are not debts. * * * Debts are obligations for the payment of money founded upon contract, express or implied. Taxes are imposts levied for the support of the government, or for some special purpose authorized by it. The consent of the tax-payer is not necessary to their enforcement." Meriwether v. Garrett, 102 U.S. 472, 513, 26 L.Ed. 197. See, also, Lane County v. Oregon, 7 Wall. 71, 19 L.Ed. 101; and State of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 140, 51 L.Ed. 284. Consequently, the sale of plaintiff's interest in the community was null and void and not an informality within the contemplation of Article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932, curable by the prescription of two years.

But counsel for defendant Mrs. Evans contends that since plaintiff entered an appearance in the succession proceedings by her opposition to the final account and claimed the fund derived from the sale of the property, she thereby admitted the validity of the appointment of the administrator, as well as the validity of the sale of the property, and that she is now estopped from declaring the same to be null and void to her (Mrs. Evans's) detriment, she being an innocent third person who acquired the property on the faith of such admission.

The record reveals that the property was adjudicated at the administrator's sale to the McCook Funeral Home, Inc., on April 15, 1933, for $267. The administrator then filed an account in which the only items listed as debts of the succession, other than court costs, attorneys' fees, and other charges incidental to the proceedings, were those for funeral expenses and taxes. On May 31, 1933, plaintiff intervened in the proceedings by filing an opposition to the final account of the administrator and claimed, as the surviving widow in necessitous circumstances, the residue of the fund derived from the property sold in the succession of her deceased husband after the lawful charges and costs fixed by the court had been deducted. No disposition of this opposition was made until April 10, 1937, when plaintiff withdrew same and instituted the present suit on April 26 following. In the meantime, however, on July 20, 1936, the property was sold and transferred by McCook Brothers Funeral Home, Inc. (the adjudicatee at the succession sale) to Mrs. Evans, who took possession of and improved same at the cost of several thousand dollars.

It is the well-settled jurisprudence of this state that " * * * one cannot judicially claim the proceeds of a judicial sale and afterwards attack the sale for nullity." Campbell v. Woolfolk, 37 La.Ann. 320. See, also, Livaudais v. Livaudais, 3 La.Ann. 454; Provosty v. Carmouche, 22 La.Ann. 135; Markham v. O'Connor, 23 La.Ann. 688; Ashley's Heirs v. Riser, 26 La.Ann. 711; Boubede v. Aymes, 29 La. Ann. 274; Dowling v. Gally, 30 La.Ann. 328; Factors' & Traders' Ins. Co. v. DeBlanc, 31 La.Ann. 100; Board of Trustees of New Iberia v. Serrett, 31 La.Ann. 719, 33 Am.Rep. 229; Farley v. Frost-Johnson Lumber Company, 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717. Plaintiff, therefore, by intervening in the succession proceedings and opposing the administrator's distribution of the proceeds of the sale of the community property and claiming the same as the surviving widow in necessitous circumstances, thereby ratified and admitted the legality of the sale and is now estopped to deny the same. Boubede v. Aymes, 29 La.Ann. 274. See, also, Article 2291 of the Revised Civil Code, and Succession of Kranz, 162 La. 546, 110 So. 750.

For the reasons assigned, the judgment of the lower court, dismissing plaintiff's suit, is affirmed, at her cost.