DOMENGEAUX, Judge.
The parties to this litigation are sisters, and were sent into possession, in indivi *265 sion, through proper probate proceedings, of the assets of their deceased mother, Mrs. Elise P. Regard. Differences arose between the sisters, principally in connection with certain items of movable property, and when efforts to partition the chattels proved unsuccessful, plaintiff-appellee, Adrienne R. LaHaye, filed a partition suit against defendant-appellant, Josette R. Canon. Various pleadings and supplemental pleadings were filed by both parties and in due course the District Judge ordered a partition by licitation, decreeing that all movable property listed be delivered to the Sheriff in order for the latter to sell the assets at public sale.[1]
The public sale was subsequently held by the Sheriff after due advertisement, etc., at which time the plaintiff, Mrs. LaHaye, became the last and highest bidder for the property. There were ten items of movable property which were included in the list of items bought by Mrs. LaHaye, but which had not been delivered to the Sheriff by Mrs. Canon, who had actual possession of the items. The District Judge referred the parties to a Notary to complete the partition. The Notary prepared a document entitled “Partition of Proceeds of Sale” which refers to and annexes by reference the judgment of the court ordering the partition sale, and the proces verbal of the Sheriff concerning said sale which reflected the names of the purchasers, the items purchased, and the amounts paid for each item. The document set out the aggregate sum received for all items, which, after court costs, amounted to a net sum of $59,129.48. These funds were distributed to the parties in proportions of one-half to each, and each party acknowledged receipt of her portion and gave full acquittance and discharge therefor. The document further recited that the parties were satisfied with the partition and included the other usual discharge and release language found in documents of this type. The parties signed the documents, without objection or question, on June 6, 1973. Notwithstanding, Mrs. Canon refused to deliver to Mrs. LaHaye the ten items of movable property which Mrs. LaHaye had purchased at the judicial sale.
As a consequence, the plaintiff, Mrs. LaHaye, filed a “Rule to Show Cause” reciting the chronology of legal proceedings which culminated with the adjudication to Mrs. LaHaye of certain properties, including the ten items of movables which Mrs. Canon refused to deliver to her sister, and praying that a Rule issue directing Mrs. Canon to show cause why Mrs. LaHaye should not be decreed the owner of the ten items purchased by her. The ten items in question are:
1. One (1) antique chair
2. One (1) glass bookcase with desk and chair
3. One (1) cedar chest
4. One (1) coffee table
5. One (1) Rolex watch with gold bracelet
6. One (1) antique setee
7. One (1) upholstered rocker
8. One (1) foldaway bed
9. Two (2) old French books
10.One (1) green web chair
To this rule, the defendant, Mrs. Canon, filed an exception of no cause or right of action on the basis that the parties had previously entered into a complete partition (as prepared by the Notary) which settled the question of ownership and right to possession, and consequently the rule was an unauthorized use of summary process, and that Mrs. LaHaye’s remedy, if any, was by separate suit for possession by ordinary process.
*266 The rule was tried, the exception overruled, and judgment was granted (among other things not pertinent herein) declaring Mrs. LaHaye the owner of nine of the ten items in controversy. (The judgment, however, did not order that Mrs. Canon deliver these items to Mrs. LaHaye, or that Mrs. LaHaye be otherwise placed in possession of these items.) It is from this decree that Mrs. Canon has appealed sus-pensively to this court.
Appellant cites the following errors:
1. The District Court erred in denying defendant’s exception of no cause or right of action and allowing plaintiff the unauthorized use of summary process, namely, the rule to show cause.
2. The District Court erred in finding that the partition of proceeds of sale executed on June 6, 1973, was not a full and complete settlement of all matters between the parties, including the issues of ownership and possession.
3. The District Court erred in finding from the evidence that the ownership of the property in question was properly transferred to the plaintiff.
On the first issue, we conclude that Mrs. LaHaye’s claim to ownership is based upon the proces verbal of the Sheriff’s sale and the subsequent acceptance of the settlement by the parties. Mrs. LaHaye was the highest bidder at the Sheriff’s sale, and purchased a number of items including those upon which this controversy is based.
Article 2592 of the Code of Civil Procedure sets out the circumstances under which summary proceedings may be utilized. One such instance is set out in paragraph one of that article, to-wit:

“An incidental question arising in the course of litigation

The present rule to show cause is merely another facet of the continuing controversy, i. e. the partition of movable effects.
The judicial sale and subsequent partition of the proceeds should be viewed as a single continuing legal action. Actually, Mrs. LaHaye is merely asking that she be sent into possession of those items which she purchased and that the possessor of those items, Mrs. Canon, be ordered to allow her to take" lawful possession. This request is based upon the proper transfer of the items via the judicial sale to Mrs. LaHaye. The sale was held to effect the trial judge’s order that the property be partitioned. As such the request by Mrs. LaHaye to be placed into possession was clearly incidental to the entire matter which had been litigated.
There is no clear guideline in the statute involved, Article 2592, Code of Civil Procedure, nor does the jurisprudence specifically delineate between incidental matters arising in the course of litigation and those issues which are outside the scope of this article and which should be decided by ordinary process. We hold that there is sufficient connexity between the issue raised in the rule to show cause in this case and the matters involved in the main litigation to justify the use of summary proceeding based upon Article 2592 of the Louisiana Code of Civil Procedure.
Appellant’s second contention actually raises no issue which would adversely affect the judgment of the trial court. Appellant argues that the acceptance by all parties of the partition evidenced by their signature of the notary’s “Partition of Proceeds of Sale” amounts to an homolo-gation of the partition. We feel that appellant’s assumption is a valid one; however, by the homologation the parties merely admit that the partition has taken place and has been accepted. Since the notary’s “Partition of Proceeds of Sale” refers to the Sheriff’s proces verbal and the transfers contained therein, the homologation of the partition actually reinforces Mrs. La-Haye’s claim to the disputed property.
Finally, the appellant urges that the Sheriff’s sale be declared invalid because the contested movable items transferred at *267 the sale had never been actually seized by the Sheriff pursuant to Article 326 of the Louisiana Code of Civil Procedure. We find it unnecessary to rule upon that issue because the subsequent acceptance of the partition and sale as evidenced by the parties’ signature of the document entitled “Partition of Proceeds and Sale” acts as a ratification of the sale, thus curing any defects which may have existed in the procedure used in affecting the sale.
In the case of Latham, et al v. Glasscock, 160 La. 1089, 108 So. 100 (1926), the Sheriff failed to serve the writ of attachment on any of the parties involved. However, some of the parties later signed a document ratifying the sale and the Supreme Court held this ratification to overcome the defects caused by the informalities in procedure. Also in Daigle v. National Cash Register Company, 7 Orleans App. 177, the Court held that although a sale under process or order of Court may be invalid because of defects, it may be nonetheless valid as a conventional sale with the consent of the parties. In the instant case Mrs. Canon and Mrs. LaHaye both signed the document entitled “Partition of Proceeds of Sale” which states in part:
“The said parties severally declare and acknowledge that they are fully satisfied with the partition herein made and consider the same to he just, true and equitable; that they approve the aforesaid sale and do hereby mutually discharge and release each other of and from all claims, matters and things whatsoever regarding the said partition, and concerning their aforesaid joint interests and ownership in common heretofore existing between them.” (emphasis added)
By the explicit language of this act it was clearly the intent of the parties to accept the sale and partition unconditionally. Once this acceptance was made, Mrs. Canon ratified the sale and thereby waived the right to object to any defects or irregularities in the sale or partition proceedings.
As stated in Williams v. Brocato, 194 So. 67 (La.App. 2nd Cir. 1940):
“It has long been held by the courts of this state that one cannot claim, judicially, the proceeds of a sale and afterwards attack that sale for nullity. The demand for the proceeds is the judicial admission of the legality of the sale and the declaration which one makes in a judicial proceeding is full proof against him.”
Mrs. Canon’s signature on the “Partition of Proceeds of Sale” amounted to a judicial claim (in the course of the partition suit) to the proceeds of the sale. The claim for the proceeds of the sale and the allegation of irregularities in the sale were mutually exclusive. Mrs. Canon could not have it both ways. Therefore, Mrs. Canon’s written acceptance of the sale and claim for the proceeds were binding and estopped her from later assertions of illegality of the sale itself.
For the above reasons the judgment of the District Court is affirmed at appellant’s costs.

Affirmed.

.The order listed botli movable and immovable property to be sold, but this appeal concerns itself only with nine items of movable property which are identified later in the opinion.